# Commonwealth *v.* Liberty Products Company, Appellant.

*Criminal law—Intoxicating liquors—Act of March 27, 1923, P. L. 34—Corporations liability for acts of agent.*

Where a statute, in the exercise of the police power, commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation.

In the trial of an indictment for the possession of intoxicating liquors in violation of the Act of March 27, 1923, P. L. 34, it is no defense to plead that an employee of the defendant corporation had made a mistake in drawing off the liquor before the prohibited amount of alcohol had been eliminated.

A mistake or omission, even though an innocent one, made in the line of his employment by an employee charged with the doing of something required to be done in order to render that lawful which otherwise, by a police regulation, would be unlawful, entails upon his employer corporation responsibility for the illegal act resulting therefrom and subjects it to the penalty provided for such illegal act, unless the statute in terms limits it to wilful and intentional violation.


Argued December 8, 1924. Appeal, No. 103, April T., 1925, by defendant, from judgment of Q. S. Beaver Co., Sept. Sessions, 1923, No. 18, in the case of Commonwealth of Pennsylvania v. Liberty Products Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for manufacture and possession of intoxicating liquors under Act of March 27, 1923, P. L. 34. Before READER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court, answers to points and refusal to direct a verdict in favor of the defendant.

*William A. McConnell,* and with him *W. D. Craig,* for appellant.—A corporation cannot be convicted of a criminal offense where the act committed is not the act of the corporation, but is committed by unintentional mistake of a mere employee: Lawson v. Ohio & Pennsylvania Railroad Company, 1 Grant's Cases 329; Delaware Division Canal Co. v. Com., 60 Pa. 367; Com. v. Punxsutawney Street Passenger Railway Company, 24 County Court Reports 25; Com. v. Holstine, 132 Pa. 357.

*Lawrence M. Sebring,* and with him *J. Blaine McGoun,* District Attorney, for appellee, cited: Sec. 417 Bishop on Criminal Law, 9th Edition; Thompson on Corporations, 2d ed., section 5639; Baker v. State (Supreme Court of Tenn., 1923), 248 S. W. 548-550; section 3028, 14A Corpus Juris.

OPINION BY KELLER, J., February 27, 1925:

The indictment charged appellant, (a corporation) and several natural persons, with the unlawful manufacture and possession of intoxicating liquors. Appellant's business was the manufacture of cereal beverage, for which it held a permit from the federal government. In manufacturing such beverage the process first requires the making of beer or other alcoholic malt or brewed liquor and then the elimination of the unlawful excess alcohol by boiling until it contains less than one-half of one per cent alcohol by volume. Under the express terms of the Act of March 27, 1923, P. L. 34, it is not unlawful for such liquor to contain more than one-half of one per cent of alcohol, during the process of manufacture only; but if it is drawn off from the manufacturing vats into barrels or other receptacles intended for storage, sale or delivery, while still containing any

of such excess alcohol, it constitutes an unlawful manufacture and possession.

The evidence established that on August 13, 1923, at about six o'clock in the evening the State Police found employees of the defendant corporation loading onto freight cars at Aliquippa for transportation to Pittsburgh 391 barrels of liquor which on examination proved to contain from 3½% to 6% of alcohol by volume. Under the 4th and 13th sections of the Act of 1923, supra, this made out a prima facie case of unlawful manufacture and possession sufficient to take the case to the jury and support a conviction.

The defense was that in drawing off and loading this beer its employee in charge of the work, Wolfgang Haupt, made an unintentional mistake, by filling the barrels from Vat 10, which contained beverage in process of manufacture, instead of from Vat 9, which contained lawful cereal beverage ready for shipment.

The learned trial judge directed the jury to consider this evidence in connection with some suspicious and apparently incriminating circumstances not necessary to be referred to at length, for the purpose of determining in the first instance whether or not the beer had been drawn off from the storage tank and put in the barrels by mistake; but later instructed them, in effect, that as regards the corporation defendant it made no difference whether the beer was knowingly taken from the storage tanks or was done by mistake, ignorantly, by some employee of the company. If this is a correct statement of the law the appeal must fall.

Ordinarily intent is a necessary ingredient of a criminal offense, but there are well recognized exceptions to this rule, as respects acts made criminal by statute. The subject is treated in Greenleaf on Evidence (Vol. 3, sec. 21) as follows: "Ignorance or mistake of fact may in some cases be admitted as an excuse; as where a man intending to do a lawful act, does that which is unlawful. ...... This rule would seem to hold good in all

cases when the act, if done knowingly, would be malum in se. But where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation. Thus, for example, where the law enacts the forfeiture of a ship having smuggled goods on board, and such goods are secreted on board by some of the crew, the owner and officers being alike innocently ignorant of the fact, yet the forfeiture is incurred, notwithstanding their ignorance. Such is also the case in regard to many other fiscal, police and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts and to obey the law at his peril." Thus, under section 17 of the Act of May 13, 1887, P. L. 108, forbidding the furnishing of intoxicating liquors to minors, and persons of known intemperate habits, it was not a valid defense to a prosecution for selling liquor to a minor that the defendant or his employee did not know that the buyer was a minor: In re Carlson's License, 127 Pa. 330, 333; or a person of known intemperate habits: Com. v. Zelt, 138 Pa. 615. He took the risk when the sale was made. It required the Act of May 25, 1897, P. L. 93, before the defense could be presented that the liquor had not been furnished knowingly or negligently: Com. v. Terry, 15 Pa. Superior Ct. 608, 610. The indictment did not have to charge, nor was it necessary to prove, that the liquor had been furnished "knowingly and wilfully": Com. v. Sellers, 130 Pa. 32, 35. Where the statute forbids the sale of liquors it is not necessary in a prosecution for its violation to prove a criminal intent; if the sale be contrary to law, the intent is immaterial: Com. v. Holstine, 132 Pa. 357, 361. It is not a defense to a prosecution for the illegal sale of intoxicating liquors that the defendant did not know the liquor

sold was intoxicating: Com. v. Boynton, 2 Allen
(Mass.) 160; Com. v. Goodman, 97 Mass. 117; or be-
lieved it was medicine and not intoxicating: Com. v.
Hallett, 103 Mass. 452. It was held in Com. v. Weiss,
139 Pa. 247, that a restaurant keeper who furnished
oleomargarine with his meals, not knowing it was oleo-
margarine but believing it was butter, was guilty of vio-
lating the provisions of the Act of May 21, 1885, P. L.
22; the court holding that it was for the legislature to de-
termine whether the threatened public injury was such
as to justify an absolute and indiscriminate prohibition,
and that there was nothing in the statute to imply that
the forbidden act must have been done knowingly or
wilfully. It is apparent from the opinion that the ruling
would have been the same if the defendant had pur-
chased both oleomargarine and butter and by an inno-
cent mistake had furnished his customers the former
instead of the latter. See also Com. v. Mellet, 27 Pa.
Superior Ct. 41. In Com. v. Pflaum, 50 Pa. Superior Ct.
55 (affirmed, 236 Pa. 294) it was held that the defend-
ant could be convicted of violating the Act of May 13,
1909, P. L. 520, forbidding the use of sulphur dioxide in
confectionery although he did not know that the mer-
chandise sold by him contained the prohibited substance.
The same ruling has been made with respect to other
violations of the pure food laws; as for example, the
sale of milk just as received by defendant: Com. v. Huf-
nal, 4 Pa. Superior Ct. 302; the sale of renovated but-
ter, bought by defendant as creamery butter and believed
by him to be such: Com. v. Seiler, 20 Pa. Superior Ct.
260; the sale of ice cream, containing less than a stand-
ard amount of butter fat: Com. v. Crowl, 52 Pa. Supe-
rior Ct. 539, (affirmed, 245 Pa. 554); cold storage eggs:
Com. v. Baird, 66 Pa. Superior Ct. 275; adulterated
syrup: Com. v. Kevin, 202 Pa. 23; adulterated canning
compound: Com. v. Fulton, 70 Pa. Superior Ct. 95
(affirmed, 263 Pa. 332). A like construction has been
made in other jurisdictions of similar statutes such as

478 COMMONWEALTH *v.* LIBERTY PROD. CO., Appel.

those forbidding the sale of milk which was adulterated or did not conform to legal standards: Com. v. Farren, 9 Allen (Mass.) 489; Com. v. Waite, 11 Allen 264, 265; State v. Burnam, 128 Pac. 218 (Wash.) ; New Orleans v. Vinci, 96 So. 110 (La.), fully annotated in 28 A. L. R. 1382; the sale of naphtha: Com. v. Wentworth, 118 Mass. 441; the admission of minors to billiard rooms: Com. v. Emmons, 98 Mass. 6; 'the sale of intoxicating liquors, though neither defendant nor his servant intended to violate the conditions of the license and the sale was made in ignorance of the fact that the purchaser was one of a class to which no sale could legally be made: Com. v. Uhrig, 138 Mass. 492; Com. v. Finnegan, 124 Mass. 324; McCutcheon v. People, 69 Ill. 601, 606; State v. Hartfiel, 24 Wis. 60; Ulrich v. Com., 6 Bush (Ky.) 400. The rule was concisely stated by Chief Justice Cooley in People v. Roby, 18 N. W. 365 (Mich.), as follows: "Many statutes which are in the nature of police regulations, as this is, impose criminal penalties, irrespective of any intent to violate them, the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible." See also 2 Wharton's Criminal Law (11th Ed.) 2041, sec. 1844.

The Act of March 27, 1923, supra, is an exercise of the police power of the Commonwealth. It was enacted in enforcement of the Eighteenth Amendment of the federal Constitution and its purpose was the absolute prohibition of the manufacture, sale, etc., of intoxicating liquors for beverage purposes. While the act contains certain exceptions from its general provisions, these exceptions must not be construed in such a manner as to defeat its primary aim and purpose. Persons who embark on a business which forms an exception to the main purpose of the act know that their actions are rigidly circumscribed and that any failure to comply with the strict provisions permitting them thus to act constitutes a violation of the statute. The act is general, the excep-

tion special, and nothing done contrary to the general prohibition of the statute is excused unless it is warranted by a strict compliance with the terms of the exception. It applies to one's employees acting in the course of their employment, no less than to one's own actions. "When the agent......is set to do the very thing which, and which only, the principal's business contemplates......the principal must be chargeable with the agent's violation of legal restriction on that business": Carroll v. State, 63 Md. 551, 3 Atl. 29.

Now in this case, the defendant, being a corporation, must necessarily act through agents or employees. It can personally neither do nor supervise anything. It must, therefore, assume responsibility for the acts of its representatives within the scope of their employment. Haupt, the employee responsible for the drawing and loading of this beer was defendant's agent in charge of the storage room and charged with the duty of drawing the beverage from the proper vat. The drawing and loading of the beer seized in this case was directly within the line of his duties. If he negligently drew beer from a vat which it was not lawful to do, why is not the defendant responsible for the illegal action? There is nothing in the statute to imply that the forbidden act of manufacture and possession in such circumstances must be done knowingly or wilfully. Surely if a brew master should make a mistake and fail to boil the beer long enough to reduce the alcohol to the limit fixed by law, no one would contend that the corporation could defend by pleading such mistake. Otherwise the act would become a dead letter. The brew master is bound to reduce the alcohol to the lawful limit and the corporation is responsible for him to see that he does it. So the storage foreman having custody of a dozen vats containing beer in various stages of manufacture is bound to draw from the vat containing legal cereal beverage and the corporation is responsible for him to see that he does it. That is its business, for which it is incorporated and for which

it holds the government's special permit. This is not the case of a carrier or other person innocently transporting intoxicating liquors without any knowledge of, or special duty of finding out, the illegal character of the thing transported; or of a person innocently uttering counterfeit money, which has lawfully come into his possession, without any knowledge of its spurious character. This act was done by the man chosen by the defendant corporation to perform this very duty, with full knowledge of the responsibility resting upon him and his employer to see that it was done pursuant to law; who was bound at the peril of his employer, no less than his own, to see that all the requirements of the law were complied with before the product was barreled and shipped.

Our conclusion is that a mistake or omission, even though an innocent one, made in the line of his employment by an employee charged with the doing of something required to be done in order to render that lawful which otherwise, by a police regulation, would be unlawful, entails upon his employer responsibility for the illegal act resulting therefrom and subjects it to the penalty provided for such illegal act, unless the statute in terms limits it to wilful and intentional violation.

This disposes of the first three assignments of error. The fourth complains that the sentence is excessive. It does not exceed the penalty fixed by law. Ordinarily the imposition of sentence is for the court below, within the limits authorized by law, subject to review in case of abuse of discretion. We are not convinced that the court's discretion was abused in this case. The judgment is affirmed.