## Commonwealth *v.* McGuire and Brennan, Appellants.

*Criminal law—Intoxicating liquors—Possession and transportation of—Evidence—Sufficiency.*

In a trial of an indictment for the possession and transportation of intoxicating liquors, it is not necessary that the Commonwealth should prove that the defendants knew that the beer transported contained alcohol in excess of the amount permitted.

The prohibition statute was an express police regulation which did not involve the existence of an intention on the part of the defendants to do an unlawful thing. The principle is widely recognized that statutes in the nature of police regulations may impose penalties without regard to an intention to violate them, to the end that a measure of diligence for the protection of the public shall be secured which shall render the legislation effective.

Argued April 13, 1926. Appeal No. 32, February T., 1926, by Frank Brennan, from judgment and sentence of Q. S. Wayne County, June Sessions, 1925, No. 63, in the case of Commonwealth of Pennsylvania v. Thomas McGuire and Frank Brennan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

156    COM. *v.* McGUIRE and BRENNAN, Appellants.

Indictment for sale and possession of intoxicating liquors. Before SEARLE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were the charge and sentence of the court and refusal to grant a new trial.

*A. G. Rutherford,* for appellants.

*Chester A. Garratt,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The defendants were convicted on an indictment charging the possession and sale of intoxicating liquors. They were arrested at Carley Brook in Wayne County on the morning of July 28, 1925, to which place they had come from Scranton in charge of a truck which contained twenty half barrels of beer. McGuire testified that he came with the load as a companion of Brennan and that he had no interest in the truck or the beer. They accounted for their possession of the property by stating that the truck was loaded in Scranton before they saw it and that the defendant Brennan was requested to drive the truck on a trial test. They knew the truck was loaded with beer, but Brennan said he understood it was "Near Beer." He was to drive the truck to the New York State line, at what point was not indicated however. At his destination he was to be met by some person not described to him and not known by him or named to him who was to receive the beer. A part of the transportation was conducted in the night. The defendants testified that they did not know the beer contained a forbidden proportion of alcohol. The court instructed the jury that

the statutes specifically prohibited the transportation or possession of the beer and that the defendants might be convicted notwithstanding the fact that they did not know that the beer possessed from three to four per cent of alcohol as shown by the witnesses for the commonwealth. The question raised on the appeal is whether under the statute the burden is on the commonwealth to prove that the defendants knew the beer transported contained alcohol in excess of the amount permitted. The learned trial judge held that the statute was an express police regulation which did not involve the existence of an intention on the part of the defendants to do an unlawful thing; that its prohibition was in a class with restrictions of the sale of oleomargarine, of ice cream containing a smaller percentage of butter fat than required by law; the sale of cold storage eggs without giving the required notice of the fact of storage; the sale of liquor to minors and to persons of known intemperate habits under laws in force prior to the prohibition enactments and kindred legislation. This decision was in harmony with numerous adjudications in this and other states. The principle is widely recognized that statutes in the nature of police regulations may impose penalties without regard to an intention to violate them, to the end that a measure of diligence for the protection of the public shall be secured which shall render the legislation effective. This subject has been carefully and fully considered by our Brother KELLER in a recent opinion, Com. v. Liberty Products Co., 84 Pa. Superior Ct. 473, and a restatement of the arguments and authorities there presented is unnecessary. A review of the subject confirms us in the soundness of the conclusion there reached. It follows that the appeals must be dismissed.

The assignments are overruled and the judgment affirmed. It is ordered that the defendant appear in

the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.