## Commonwealth *v.* Noye, Appellant.

Argued November 12, 1928.

494

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Thomas D. Caldwell*, and with him *Luke Baker*, for appellant.

No printed brief for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

The defendant was the proprietor of a hotel in Perry County. A part of its equipment was a bar, at which beer was sold. The beer was drawn from a spigot back of the bar. Two members of the State Police who visited the place obtained through the spigot a quart of beer which, as admitted by the defendant's counsel at the trial, contained four and four-tenths per cent. of alcohol. The defendant testified in his own behalf, and, in the course of his examination, admitted that he bought beer from different bottlers and brewers and from a number of persons who came with trucks to sell beer; he purchased from them as his business required.

With respect to the beer taken by the officers he was asked the question, "Do you know from whom you bought this particular lot of beer?" Answer. "I do not. It is usually a cash proposition and I never look for a bill. I don't know whether I have a

bill or not." Question. "Well you might state whether or not you know whether it contained more than one-half of one per cent. of alcohol, if it did?" Answer. "I don't know what it did. I have no way of testing anything like that." He further testified that it was sold to him for "near beer." To the question on cross-examination, "Isn't all the beer you have been purchasing called near beer?" he answered "By the salesmen, yes." It will thus be seen that the defendant was dispensing from a bar in his hotel, beer having an alcoholic content of nearly four and one-half per cent., and that he was in the business of selling beer obtained from various sources without examination on his part as to quantity of alcohol it contained. The fact that it was sold to him for near beer does not constitute a defense. It was his business to know the quality of the article in which he was dealing.

The parts of the charge of the court set forth in the second and third assignments of error are not open to criticism in the light of the testimony presented by the Commonwealth and the admissions of the defendant himself. Unquestionably, he was in possession of the beer; and the evidence would support the contention of the Commonwealth that he was engaged in the business of selling it.

The indictment is not printed in the record brought up, but a copy filed since the argument charged possession and sale. The sentence of the court is supported by a conviction for possessing and no legal reason is advanced why the judgment of the court should not be sustained. The assignments are therefore dismissed and the judgment affirmed; and it is ordered that the record be remitted to the court below to the end that the sentence may be carried into effect. It is further ordered that the defendant appear in that court at a time by the court to be fixed, and that

496

he be committed in compliance with the sentence for such part of the term of sentence as he may not have served when the order of supersedeas went into effect.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.