Commonwealth *v.* Hendrie et al., Appellants.

Argued October 14, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Francis E. Walters* and *Charles D. McAvoy,* for appellant.

*J. Stroud Weber,* Assistant District Attorney, and with him *Frank X. Renninger,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., December 12, 1929:

The defendants were convicted of possessing and transporting intoxicating liquor for beverage purposes in violation of the Act of March 27, 1923, P. L. 34, known as the "Snyder Act." The sentence imposed was on the charge of transporting.

Ferguson Hendrie was employed as a "road driver" by one, Charles Egbert. He met the latter by appointment at the brewery of the Delaware Beverage Company in the City of Easton, where his truck was loaded with seventy-four half-barrels of high powered beer. The defendant driver said that he had driven from New York that day and that after his truck was loaded he rested at a hotel in Easton until two oclock the following morning, when he started for Philadelphia. About 4:10 A. M. he was stopped by police officers of Cheltenham Township, Montgomery County, and upon inquiry being made he informed the officers that he was hauling freight. The doors of the truck were fastened with iron bars and securely locked. When the officers asked for the key to make an inspection of the cargo, the driver denied that he had it, but on being searched it was found in his trousers pocket. He then admitted that he was hauling a load of beer.

His brother arrived on the scene about that time and thereupon they were both placed under arrest and given a hearing, and later were convicted by the jury. Under the seven assignments of error, the following questions were raised:

(1) Was the transportation of liquor within the purview of the title of the Snyder Act?

(2) Was there sufficient evidence to convict the defendant of transporting intoxicating liquor?

(3) Did the evidence prove that the beer on the truck contained an illegal percentage of alcohol?

(4) Was there sufficient evidence to connect Alford Hendrie with the transportation of liquor?

(5) Did the court err in overruling a motion for a new trial?

The title of the Snyder Act is as follows:

"Concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in, and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacture thereof; defining intoxicating liquor; providing for penalties, forfeitures, and the abatement of nuisances; and repealing existing alcoholic liquor laws and alcoholic liquor license laws."

The third section of the Act provides that "it shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within, or import into, or export out of this Commonwealth, any intoxicating liquor for beverage purposes," etc.

It is maintained by the appellant that this conviction cannot stand as the title of the act does not give notice that the transportation of liquor comes within its scope; that traffic, in its ordinary meaning, did not include transportation, but is confined to its barter and sale; that the traffic was at an end when the sale was completed and the liquor placed in the truck ready for transportation; that the delivery or transportation is merely an incident to and not an essential part of the traffic.

It has been ruled over and over again that it is unnecessary in the title to go into details or to give a general index to an act; nor does it have to include subjects incident to and affected by the general purpose.

All that is required of a title is that it must give reasonably clear notice of its subject matter so that anyone interested is imposed with the duty of inquiry as to the contents of the statute. This title comes within this legal test.

A too limited interpretation must not be given to "traffic in." If we take the word "traffic" in its generally understood meaning, it is not limited to the mere buying, selling, or exchanging of merchandise, but embraces also its transportation. This wider and popular significance given to this word is not without recognized authority. Webster's International Dictionary defines "traffic" to be, not only an interchange of goods by bartering or buying, but "is applied to trading in general—and especially to retailing, including transportation." The Oxford English Dictionary includes in its definition "the transportation of merchandise for trade." We are of the opinion, therefore, that transportation of liquor is clearly within the range of the title to the bill.

The appellant argued that if the Snyder Act covers the transportation of the liquor, that these defendants were not responsible for a violation of the act as there was no evidence to show that they knew that they were in possession of intoxicating liquor, relying upon the case of Commonwealth v. Weiler, 84 Pa. Superior Ct. 481. In that case, the defendant was secretary of the Liberty Products Company. Haupt, another employe of the defendant company, contrary to his instructions, which were to ship lawful beverage, drew out beer in the process of production containing an alcoholic content larger than permitted by the law. This court, in delivering the opinion, held that there could be no conviction as the defendant was not shown to have had any part in the violation of the law. That case is not in point, and in no way conflicts with the decisions of this court found in Commonwealth v.

Liberty Products Co., 84 Pa. Superior Ct. 473; Commonwealth v. McGuire, 88 Pa. Superior Ct. 155; and Commonwealth v. Noye, 95 Pa. Superior Ct. 493, which hold that where a statute, in the exercise of a police power, prohibits an act, the plea of ignorance will not prevail. It made no difference, therefore, whether the driver of the truck knew he was transporting intoxicating liquor, if, in truth, he was actually doing so. The Commonwealth was not required to prove something not necessary to establish guilt.

The third contention relates to the evidence offered by the Commonwealth to prove that the beer was intoxicating. It was testified that the liquor was delivered to the assistant district attorney by the police officers and thereupon placed for storage in a vault supplied by the county commissioners for that very purpose; that the county chemist made an analysis of a sample of the liquor and ascertained its alcoholic content. The beer was submitted in evidence without any objection. This was sufficient to prove that it was part of the beer that had been transported by Ferguson Hendrie.

We now come to consider the question whether there was sufficient evidence to connect Alford Hendrie with the transportation of liquor. The Commonwealth proved that Ferguson Hendrie stated, before the arrival of his brother, that the latter was his boss and that he would arrive in a couple of minutes and ''fix it up.'' The brother did arrive at the time predicted, in a slowly moving Chrysler car, and pulled in ahead of the truck. The appearance of the brother at this early hour in the morning, at the time prophesied, and in a manner that indicated more than a casual interest, was sufficient to establish the existence of a concerted action upon the part of this defendant. The circumstances warrant the inference that they were both engaged in a joint enterprise; that Alford Hendrie

had an interest in the transportation of this liquor, and was accompanying his brother to abet and to render any aid that might be necessary.

Alford Hendrie did not take the stand to explain that his appearance was fortuitous at the time of his brother's arrest, nor did he deny that he was a party to the transportation of this liquor.

Complaint is made that the testimony of Ferguson was inadmissible insofar as it affected Alford, but there were no objections offered to it, nor was there any motion made to strike it out. We might, therefore, dismiss this contention without further discussion: Commonwealth v. Klein et al., 81 Pa. Superior Ct. 551; Kuhns et al. v. New York Life Insurance Company, 297, Pa. 418 (426). We are of the opinion, however, that the testimony was admissible under the theory of the Commonwealth that Alford was assisting his brother in a joint enterprise. If that was correct, and the jury so found, Alford was as much involved in the criminal undertaking as the defendant who was driving the truck: Commonwealth v. Jones, 89 Pa. Superior Ct. 219. The testimony of the one was, therefore, admissible against the other: Commonwealth v. Bingle, 62 Pa. Superior Ct. 105.

Considerable discretion is given to the trial judge where there are two or more actors involved in a crime as to the order and admissibility of the evidence, and unless there is abuse of this authority, which does not appear, the appellate courts will not interfere: Commonwealth v. Moody, 79 Pa. Superior Ct. 412 (417); Commonwealth v. Deutsch, 72 Pa. Superior Ct. 298 (310).

We will not prolong this opinion by the discussion of the last reason other than to state that we are of the opinion that it is without merit.

The assignments of error are overruled. The judgments are affirmed and the record is remitted to the

court below, and it is ordered that the defendants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with the sentence, or any part of it, which has not been performed at the time the appeal in this case was made a supersedeas.