Com. of Pa. *v.* Schambers, Appellant.

**468**

Argued March 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Wm. Glassman,* and with him *Geo. B. Munn,* for appellant.

*L. C. Eddy,* District Attorney, for appellee.

Opinion by Parker, J., July 14, 1932:

Charles H. Schambers, the defendant, was indicted for unlawful possession and transportation of intoxicating liquor and driving an automobile while intoxicated. A jury found him guilty of unlawful transportation and possession and acquitted him of the charge of driving while intoxicated. A deputy sheriff having observed the defendant driving the car in an erratic manner and colliding with another car immediately made an arrest and upon search of the car found a

quart bottle two-thirds filled with moonshine whiskey. The sole defense was that the defendant had no knowledge of the presence of the bottle of whiskey in the car. The defendant, on the afternoon in question, had been demonstrating a car which he was offering for sale to a prospective customer. They were engaged in this business until about six o'clock in the evening when they went to the home of the customer and had dinner. The defendant left this house about eight o'clock, after dark, and within a few minutes the accident occurred and the bottle was discovered. The man to whom the car was being demonstrated and the defendant denied that they saw or knew there was any bottle in the car while they were in it, or that the defendant had been drinking, and asserted that when they occupied the car they were both in the front seat where the bottle was found.

The question for our consideration involves the correctness of the charge of the court as to the force of such a defense. At the conclusion of the charge a request was made by counsel for the defendant for more specific instructions as to such a defense. Counsel stated to the court: "We don't deny that was there, but he does deny that he had any knowledge of it being there." The court replied: "Immaterial whether he had any knowledge of it or not. Commonwealth does not have to prove he had knowledge." There being some further colloquy between counsel and the court, the court further stated: "It is not necessary for the Commonwealth to prove that, not necessary to have that brought out. It was there and he was transporting it, whether he knew it or not." The effect of this statement to the jury was to eliminate the defense and to say that the defendant was guilty of transportation. We are all of the opinion that this portion of the charge constituted error. We might remark in passing that this was not entirely the fault of the court. Although the defendant presented a number of written requests

for charge, he did not deal with this subject. Counsel for the defendant, knowing the nature of the defense, should have prepared a point which properly expressed the law. However, the court did undertake to answer the request and so fell into error.

It has frequently been held in this state that in prosecutions for the violation of certain statutes which prescribe acts which are mala prohibita it is not necessary to prove a criminal intent and that if the act be contrary to law the intent is immaterial. It is not a defense to a prosecution for the illegal sale of intoxicating liquors that the defendant did not know the liquor sold was intoxicating. A restaurant keeper who furnishes oleomargarine with his meals not knowing it is oleomargarine, but believing it is butter, is guilty of a violation of the Act of May 21, 1885, P. L. 22. It was not a valid defense to a prosecution for selling liquor to a minor that the defendant did not know that the buyer was a minor. The leading cases upon this subject have been gathered together by Judge KELLER in the case of Commonwealth v. Liberty Prod. Co., 84 Pa. Superior Ct. 473, 476, and need not be repeated here.

It therefore becomes necessary to consider the principles involved in these decisions. It has been stated in some cases that criminal intent is not a necessary ingredient of a police regulation, implying that lack of knowledge of the underlying facts constituting a crime which is made such by statute is never a defense. This, however, is a broader statement than is recognized generally in other jurisdictions or in our own. Judge HENDERSON, speaking for this court, with his usual exactness, in the case of Commonwealth v. McGuire, 88 Pa. Superior Ct. 155, 157 said: ''The principle is widely recognized that statutes in the nature of police regulations may impose penalties without regard to an intent to violate them, to the end that a measure of diligence for the protection of the public shall be se-

cured, which shall render the legislation effective."
The legislature may forbid the performance of an act
and make its commission a crime without regard to
intent and if such act appears the court must give it
effect although the intent of the doer may have been
innocent. In other words, the doing of the inhibited
act constitutes the crime and the knowledge or ignor-
ance or motive may be immaterial. "Whether or not
in a given case a statute is to be so construed is to be
determined by the court by considering the subject
matter of the prohibition as well as the language of the
statute, and thus ascertaining the intention of the legis-
lature. Whatever may be the true construction of the
statute, when, with a knowledge of all the facts, one
deliberately violates a positive law which he is pre-
sumed to know, he cannot be excused on the ground
that he intended no wrong. But the rule applies only
to unlawful acts which are voluntary, and in that sense
intentionally, done": 16 C. J. 85.

The rule of quite general application that criminal
intent forms no part of acts mala prohibita is founded
on necessity but is not broad enough to authorize the
legislature to eliminate the element of intent in de-
fining crimes where it makes criminal an act which
the utmost care and circumspection would not enable
one to avoid. It has been held, for example, that such
power cannot be exercised to the extent of preventing
one accused of crime from invoking the defense of his
insanity at the time of committing the act charged and
offering evidence thereof before a jury: State v. Stras-
burg, 60 Wash. 106, 32 L. R. A. N. S. 1216. This rule
of necessity is to be applied with reason. Frequently
the welfare of society and the safety of the state de-
pend upon its enforcement. If a person accused of
crime could always shield himself behind such a de-
fense no system of criminal justice could be sustained.
On the other hand, cases arise where there is not only
an absence of necessity for the rule, but to enforce it

would promote injustice. It would be a simple matter for a designing and evil minded person to secretly hide a bottle of whiskey, narcotics or similar articles in the car of an enemy and subject him to prosecution. Although the person imposed upon never assented to or was conscious of the act of possession or transportation of any object, he would be deprived of a defense and be compelled to throw himself on the mercy of the court in passing sentence. In such a case the reason for the rule is absent and beyond a peradventure the legislature never intended such a meaning to be given the statute we are considering.

Another feature of the question at hand requires our attention. In the cases where the defense has been such as the one in the instant case, the courts have given consideration to the fact that one may be culpable who does not have actual knowledge of the fact, but should have had such knowledge and it is through his own fault or negligence that he does not know the fact. ''Where a statute punishes the doing under particular circumstances of an act which in the absence of such circumstances is lawful, one who does the act under bona fide and non-negligent ignorance or mistake as to the existence of such circumstances is not guilty, unless it appears that the legislature intended that persons doing the act should act at their peril'': 16 C. J. 86. Consequently in a given case involving this question we are not limited to a determination of whether there was knowledge upon the part of the defendant, but also must inquire as to whether it was through his negligence or fault that he did not have knowledge.

The cases heretofore decided by the Supreme Court and this court are in harmony with the conclusions which we have stated. In many of the cases where the element of criminal intent has been excluded, there has been evidence of culpable negligence and there has been no disposition to exclude the character of defense

here interposed where such ignorance or mistake of fact has not been due to negligence, unless the statute clearly indicated a contrary intent upon the part of the legislature.

In the case of Commonwealth v. Liberty Prod. Co., 84 Pa. Superior Ct. 473, 479, this court through Judge KELLER said: "Surely if a brewmaster should make a mistake and fail to boil the beer long enough to reduce the alcohol to the limit fixed by law, no one would contend that the corporation could defend by pleading mistake. Otherwise, the act would be a dead letter." There is then this significant remark which distinguishes that case from the present one: "This is not the case of a carrier or other person innocently transporting intoxicating liquors without any knowledge of, or any special duty of finding out, the legal character of the thing transported. This act was done by the man chosen by defendant corporation to perform this very duty, with full knowledge of the responsibility resting upon him and his employer to see that it was done pursuant to law." In the case of Commonwealth v. Noye, 95 Pa. Superior Ct. 493, Judge HENDERSON states: "The fact that it was sold for near beer does not constitute a defense. It was his business to know the quality of the article in which he was dealing."

The case of Commonwealth v. Clover, 89 Pa. Superior Ct. 363 involved the same question as arises in this case and the law was therein assumed to be as we now conclude. In that case the defendant asserted that the suit case containing intoxicating liquor which was found in his possession had been picked up by him on a train in mistake for his own and that he had no knowledge of the fact that he had taken the suit case of someone else or that it contained liquor until his arrest as he was leaving the train. The same defense was interposed as here and it was likewise the sole defense. While the lower court in that case fell into the error of saying that the defendant therein should

not be convicted if the jury believed beyond a reasonable doubt that there was a switch of suit cases, if this was not a defense, no harm would have been done and the case would not have been reversed.

We are of the opinion that where a defendant is charged with the crime of possessing and transporting intoxicating liquor, contrary to the statute, and he offers the affirmative defense in the case of possession that he had no knowledge that the package or parcel was within his dominion or control, or in the case of transporting, he is not aware or conscious of the fact that he is transporting a given article and such lack of knowledge in either case is not due to his own negligence or fault and he is not under any special duty to know the fact, such defendant is entitled to offer such defense and, if believed by the jury, to an acquittal.

The judgment is reversed and a venire facias de novo awarded.