## Commonwealth ex rel. v. Lipschutz et al.

*John H. Maurer*, for Commonwealth; *Owen F. McLane*, for defendants.

ALESSANDRONI, J., October 13, 1933.—The defendants were prosecuted before Magistrate Louis Hamberg for a violation of the Act of April 24, 1913, P. L. 114, and in each of the five prosecutions the defendants were adjudged guilty and fined $50. The defendants appealed. Since the question raised and the testimony offered in the cases are the same, they will be considered together.

The Act of April 24, 1913, P. L. 114, provides: "Section 1. . . . unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semi-monthly. The first payment shall be made between the first and fifteenth day of each month, and the second payment shall be made between the fifteenth and the last day of each month.

"Section 2. Any person, firm, or corporation that shall violate any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding one hundred dollars ($100).

"Section 3. Nothing in this act shall prohibit the payment of wages or earnings oftener than semi-monthly."

The defendants are charged with a violation of this act in that they failed to pay the five prosecutors, employes of the Elm Amusement Company, their wages semi-monthly.

The language of the act clearly indicates that it was the purpose of the legislature to require that wages be paid at least semi-monthly, unless otherwise stipulated in the contract of hiring. The act is a proper exercise of the police power, as it is obviously designed to protect employes from unscrupulous employers who would fail to provide a definite time for the payment of earnings or wages in making contracts of employment, and then by deferring the payment of the wages for an excessive period of time, either defraud their employes or reduce them to a condition tantamount to serfdom. The act is not unconstitutional on the ground that it impairs the obligation of contracts, as it merely provides a regulatory measure in the event that the employer and the employe do not stipulate the time for payment. It in no manner restricts or impairs the rights of employes or employers to agree as to the time of payment. Nor is the act subject to the objection that it is special legislation, as it is not restricted to any particular trade or industry but applies generally to all trades, businesses, industries, etc. The Act of May 20, 1891, P. L. 96, was unconstitutional as it

violated both clauses of the Constitution hereinbefore referred to, but the Act of April 24, 1913, P. L. 114, remedies the constitutional objections which applied to the Act of 1891.

The sole question raised, in essence, is whether any agreement existed between the employer and the employe as to the time of payment, for if it did there could be no violation of the Act of 1913.

Augustus Walls, Jr., testified that he was employed by the Elm Amusement Company, Inc., at a weekly wage of $60, that on March 10, 1933, he was paid half of his weekly wage, on March 17th he was paid $35 on account of his wages, on March 24th he was paid $50 on account, and on April 14th he was paid $50 on account of wages for the week preceding; that he demanded the balance due him from one Ray Wolf, the manager of the theatre, but never received it. On cross-examination, he admitted that the only question in dispute was as to the 2 weeks for which he received but half his salary, his wages having been changed to $50 a week for 6 days. It was agreed that the same testimony would apply to all the prosecutions.

It is obvious from the testimony produced that the prosecutors were to be paid weekly, and that their employers failed to do so for several weeks. The Act of 1913 is not designed as an instrument for the collection of wages that are not paid. From the testimony of the sole witness produced, it appears that an agreement existed for the payment of wages every week, and therefore a prosecution under the Act of 1913 does not lie, as the act expressly exempts cases in which agreements are made between employer and employe for a time of payment other than semi-monthly. If the act is construed contrary to its express language, namely, as requiring all wages to be paid semi-monthly, it would clearly violate the provisions of the Constitution of Pennsylvania prohibiting the impairment of the obligation of contracts. It does not so provide, and the testimony does not support the prosecution under the Act of 1913.

Jack Maser testified that he was secretary and treasurer of the Elm Amusement Company, of which the president was Mr. Abe Lipschutz, and had employed the respective prosecutors on behalf of the corporation. He also stated that the employes were to be paid a weekly wage and when the corporation was unable to pay the wage stipulated he communicated with their business manager. The business agent subsequently notified him that the men could not continue working for $35 a week and stated that they would continue for $50 a week. On cross-examination, he stated that they were to be paid "so much a week." From the time the men were employed, namely, about February 10, 1933, to the time when they ceased their employment, it was recognized that they were to be paid weekly and that the agreement was to pay them weekly.

Under the testimony, it clearly appears that the employes were to be paid weekly, and it was so understood by the man who employed them and the prosecutors. Indeed, this agreement and understanding was recognized by the fact that payment was made weekly to these men even though on several occasions only part of the wages was paid. It being clearly shown that the time of payment was stipulated and understood by the parties and recognized by them, no violation of the Act of 1913 appears.

With regard to the defendant Abe Lipschutz, who is the president of the company, there was no testimony to show that he knew or should have known of the situation with regard to the payment of the prosecutors. In Commonwealth v. Weiler, 84 Pa. Superior Ct. 481, it was held that, in order to incriminate an officer of a corporation for a criminal act on the part of an employe of the corporation, it must be shown that the officer either had knowledge or should

have known of the violation. No such fact appears in this proceeding. See also Commonwealth v. Hendrie et al., 97 Pa. Superior Ct. 328, and Commonwealth v. Beezer, 8 D. & C. 608. There is no evidence in any way connecting Abe Lipschutz with the employes in question, except that he was president of the company. Nothing in any way indicates that he was active in the management of the corporation, knew of the transactions involved, or should have known of them under the circumstances. For this additional reason, the prosecution as to him must be dismissed.

And now, to wit, October 13, 1933, the appeals are sustained, the defendants adjudged not guilty, the fine remitted, and the defendants discharged.