Com. *v.* Guild, Appellant.

Argued October 25, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*A. L. Mulhern,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

The defendant, Dr. Bertha C. Guild, was charged in the bill of indictment with having unlawful possession of intoxicating liquors for beverage purposes and having unlawfully manufactured the same. She was found guilty. Our inquiry is confined to the alleged errors of law contained in the charge.

It appears that Dr. Guild was the owner of the premises upon which the intoxicating beverages were manufactured. She claims that she had leased a barn thereon to parties who were engaged in the unlawful enterprise. As far as it appears in the charge of the court, there was no proof of any overt act showing that she participated in any way in the manufacture of the contraband article. The Commonwealth sought to prove her guilt by inferences drawn from the facts which were produced. The theory of the prosecution was that "her part in it was only through her assent and participation by permitting it to be done with knowledge."

If it be assumed that the barn was actually rented to a third party, presumably the control of the property so rented passed from the owner to the tenant. If it was rented for the specific purpose, although not so expressed in the lease, that the tenant would use the premises for unlawful purposes, the landlord would be a party to the crime. The case now presented is not the same as those involving the transporting of liquor in a vehicle or its possession in a private house, in which the vehicle and the house being in the control of the defendants, a prima facie case is present which requires them to show that they had no knowledge and that they were not abetting the crime. Com.

v. Schambers, 105 Pa. Superior Ct. 467, 161 A. 624; Com. v. Dombkowski, 86 Pa. Superior Ct. 468. In cases like the present, naturally the first material inquiry is whether the place where the liquor was manufactured was in the control of the defendant. Com. v. Shinfield, 83 Pa. Superior Ct. 292.

In defining the degree of proof required to sustain the charge, the trial court, we think, went too far. We quote: "Or if you find from the evidence that this defendant may have rented the property in good faith in the first instance but subsequently discovered either before the beginning of the manufacture or during the process of manufacture of the intoxicating liquor that it was going on on her premises and she intentionally avoided, if she had reason to believe it was going on from all the surrounding circumstances, and she intentionally avoided investigating because she did not want to know about it and because she was willing that it should be manufactured there, then you would have a right to find that she assented to it and she thereby became a party to the crime of manufacturing even though she did not take part in it herself, even though she did not do a thing towards manufacturing it herself, but if she knew it was going on on her premises or had reason to believe it was going on and deliberately refrained from finding out the true facts and deliberately refrained from interfering to stop it, then you should find that she assented to it and if she assented and approved of it, then she became a party and herself became guilty of the crime of possessing and manufacturing. . . . . . . if she did not know it in the first place, after she had made the original agreement did she find out what was going on or what was to go on, and did she discover or did she have good reason to believe that it was going to be used for the manufacture of liquor and did she assent to that by keeping quiet or by carefully avoiding such knowledge. If you find from this evidence that she

did have knowledge, or did have reason to believe and must have known that something of the sort was going on but specifically refrained from investigation because she was willing that it should go on, then you should convict her of these offenses.''

The court was laboring under the idea that if the defendant knew or ought to have known of the unlawful business that was carried on, she was particeps criminis. This is not the law.

To prove knowledge does not necessarily prove guilt. It may be that an act of the landlord in continuing to provide the place where the unlawful manufacture is carried on and accepting the rent therefor when it is within his power to terminate the possession of the tenant might be enough to warrant a jury in concluding that the lessor was aiding and abetting the crime. It was error to instruct the jury that the mere knowledge on the part of the landlord, irrespective of any other proof, is sufficient to convict her. A bona fide renting of a property to another and the subsequent turning it to an improper use by the tenant, even if the landlord becomes aware of the fact, does not standing alone, prove him guilty.

If he has that knowledge and continues the tenancy, in order to convict him of participation of the crime, it should at least appear that it was within his power to get rid of the tenant and that he participated in the crime by his negligence in preserving a situation which it was his duty to terminate and in the benefit of which he shared by acceptance of the rent. We have not the testimony before us and there may have been circumstances in the case which would allow the jury to infer that the defendant was joining in the enterprise with her tenant, but as we have tried to show, her mere knowledge of the crime standing alone is not sufficient to convict. Even in felonies, mere silence after knowledge of a crime having been committed, does not make the party failing to report

the offense an accomplice or an accessory after the fact. Com. v. Loomis, 267 Pa. 438, 110 A. 257; Com. v. Mazarella 279 Pa. 465, 124 A. 163.

The judgment is reversed with a venire.