## Commonwealth v. Montgomery

*John Q. Stranahan*, for Commonwealth.

*Hiram M. Drake*, for defendant.

McKay, J., April 4, 1962.—In this case, defendant has waived a hearing before a justice of the peace upon the charge of operating a truck with a trailer on the highways of Perry Township, Mercer County, without registration plates being displayed, in violation of section 401 (a) of The Vehicle Code.

The facts are not in dispute and are as follows: Defendant is in the business of selling farm supplies, including fertilizer. Incidental to this business, he maintains a service of supplying liquid ammonia fertilizer directly to the fields of farmers. He transports the fertilizer to the field in a large tank, under pressure, stations the tank at a convenient place in the farmer's field, draws enough liquid from the tank into a small, 100 pound pressure tank mounted on a field tractor, and then applies the fertilizer from the small tank to the field.

The tank in which the fertilizer is transported from defendant's place of business to the customer's field is about 10 or 12 feet long and weighs 3,800 pounds empty. It is bolted onto an ordinary wagon frame and the tongue of the wagon, attached to the frame, has a hitch which enables defendant to easily connect the vehicle to a tractor for transportation along the high-

way. He maintains four such vehicles in his business.

About six years ago when he first acquired the vehicles, he went to a justice of the peace and applied for trailer licenses for them, assuming that such licenses were required by The Vehicle Code. The justice of the peace conferred with a Pennsylvania State police officer who advised him that vehicles of this sort did not require registration plates, and as a result defendant has not applied for trailer plates since that time. In the interim, his son has been stopped by State police officers from time to time but on each occasion after the above facts were explained to them, the officers made no arrest.

On June 30, 1961, defendant was operating one of these vehicles on U. S. Route 19 in Perry Township when he was stopped by a State police officer and questioned about his failure to have registration plates for the alleged trailer. He told the officer of his previous application and no arrest was made at that time. The officer then inquired of his superiors whether the vehicle in question was required to carry registration plates and the commissioner of the Pennsylvania State Police thereupon issued an order holding the vehicle to be a trailer requiring a trailer license. Instead of advising defendant of the changed opinion of the police and affording him an opportunity to apply for licenses for his vehicles, as would seem to have been fair to him, the officer proceeded to prosecute defendant for failing to display registration plates on his trailer, possibly under orders of the commissioner.

The first question is whether the vehicle operated by defendant is a trailer within the meaning of section 401. If it is, a registration plate for the current year must be displayed upon it. Section 102 of the act* defines trailers as follows:

---

* April 29, 1959, P. L. 58, sec. 102, as amended, 75 PS §102.

" 'Trailer'.—Every vehicle without motive power, designed to carry property or passengers or designed and used exclusively for living quarters wholly on its own structure, and to. be drawn by a motor vehicle or tractor: Provided, That wagons, wagons equipped with trailer hitch and agricultural machinery drawn by motor vehicles or tractors for the transportation of the agricultural products of the owner of such wagons, wagons equipped with trailer hitch or machinery, or returning from such transportation, shall not be included within such definition, and no fees shall be required to operate such vehicles on the public highways."

Defendant contends that his vehicle comes within the portion of the proviso clause which excludes "wagons equipped with trailer hitch or machinery".

The first part of the defining paragraph is explicit and clear. "Every vehicle without motive power, designed to carry property . . . and to be drawn by a motor vehicle or tractor" is a trailer.

The vehicle operated by defendant, while it consists of a tank mounted on a farm wagon frame, and transported agricultural fertilizer, is a commercial vehicle transporting a commercial product. It is clearly a trailer within the definition of the section.

There is nothing in the proviso clause that exempts this type of a vehicle. In contrast with the. first sentence of the defining section, the proviso clause is not only not clear, but it is so ambiguous that, after reading it several times, we are still unable to know exactly what type of trailer is intended to be excluded by that clause. Conceivably the legislature (or its draftsmen) had in mind to exclude farm wagons hauled by tractors to transport crops from a remote field along the highway to the barn, and mowing machines, harvesting machines and other types of farm machinery being transported along a highway to be used in farm operations.

If we assume that to be the intention of the legislature, the phrase "wagons equipped with trailer hitch *or* machinery" was possibly inserted to prevent any inference that only when agricultural machinery accompanied wagons equipped with the trailer hitch would the proviso apply in view of the prior clause "wagons equipped with trailer hitch *and* agricultural machinery".

At any rate, we are unable to construe the proviso clause to mean that in addition to all other exclusions any wagon equipped with a trailer hitch regardless of how it is being used or what it is transporting was intended to be excluded from the definition of trailer.

It does not necessarily follow, however, that defendant is guilty of the offense charged. Because the language of the clause is so confused, we think that defendant was warranted in assuming that the phrase "wagons equipped with a trailer hitch or machinery" included his vehicle, so that it was unnecessary for him to have a license. This is particularly true since when he applied in good faith for a license he was advised by the agency charged with enforcing the act (the State police) that a license was not required. In any event, he has committed no criminal offense, for he did not voluntarily and intentionally violate the statute.

Ordinarily intent is a necessary ingredient of a criminal offense, although there are well recognized exceptions to this rule. The legislature may enact a criminal statute that irrespective of the intent of the doer of an act, the purity of the motive by which it was prompted, knowledge or ignorance of the criminal character of the act may be immaterial circumstances in passing upon the question of the guilt of the accused: Commonwealth v. Unkrich, 142 Pa. Superior Ct. 591. The court held in the Unkrich case that knowledge that a manufacturer's serial number and engine number had been obliterated is a necessary element of

the violation of sections 301 and 306 of The Vehicle Code, which makes it unlawful to have possession of a motor vehicle on which those numbers have been omitted, obliterated or defaced.

In Commonwealth v. Schambers, 105 Pa. Superior Ct. 467 at 471, the court, speaking through Judge Parker said:

"The rule of quite general application that criminal intent forms no part of acts mala prohibita is founded on necessity but is not broad enough to authorize the legislature to eliminate the element of intent in defining crimes where it makes criminal an act which the utmost care and circumspection would not enable one to avoid . . . This rule of necessity is to be applied with reason . . . On the other hand, cases arise where there is not only an absence of necessity for the rule, but to enforce it would promote injustice . . . 'Where a statute punishes the doing under particular circumstances of an act which in the absence of such circumstances is lawful, one who does the act under bona fide and non-negligent ignorance or mistake as to the existence of such circumstances is not guilty, unless it appears that the legislature intended that persons doing the act should act at their peril': 16 C. J. 86."

So, under the circumstances of the instant case, defendant was not guilty of operating the trailer without displaying registration plates when he honestly believed that it was lawful to do so and had been so advised by a police officer charged with the responsibility of enforcing that very statute.

We conclude that: (1) defendant's vehicles are trailers within the meaning of The Vehicle Code and that he should proceed promptly to obtain trailer licenses for them; otherwise, the circumstances which justify his conduct in the present case would not again excuse his failure to obtain licenses; and (2) defend-

ant is not guilty of violating section 401(a) of The Vehicle Code.

*Order*

Now, April 4, 1962, we find that defendant is not guilty and impose the costs on the County of Mercer.