Commonwealth *v.* Dasch, Appellant.

Argued June 10, 1970. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Roger B. Reynolds,* with him *Roger B. Reynolds, Jr.,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *Paul W. Tressler,* Assistant District Attorney, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 18, 1970:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, by the defendant-appellant, Harry Dasch, after conviction of having "in his possession and under his control certain dangerous or narcotic drugs"; from the denial of post-trial motions; and from the denial of a motion to suppress evidence.

The Abington Township Police Department, on information, began the surveillance of one Roger Whinney who was suspected of drug activity, in particular, marijuana. On September 26, 1967, at about 3:00 p.m., he was apprehended by the police in the parking lot of a Hot Shoppe restaurant. At the time, he was a passenger in a Plymouth convertible automobile operated by the defendant and owned by the defendant's mother, Mary Dasch. There was another unidentified passenger in the car. The police told Whinney that they had a warrant for his arrest, searched him and found nothing. They then took Whinney and the defendant to the police station.

At the police station, Whinney was thoroughly searched and again nothing was found on him. He was later discharged for lack of evidence. The police then searched the defendant and found nothing. According to the defendant, he was helping Whinney move to a new apartment. His clothing and a piece of furniture was in the car.

The police then secured a search warrant for the car. It was a 1965 Plymouth Convertible, purchased second hand by his mother on February 27, 1967. It was a two-door model so that the front seats had to be pushed forward to get into the rear seats.

The search did not disclose any marijuana cigarettes, nor in fact, any amount of marijuana alone or in any container or package or in bulk. The search uncovered an old, tin, tobacco can under the back seat, in which there were two, as described by the police, homemade cigarettes, with the Commonwealth expert testifying that they were the remains of two Marlboro cigarettes and two other commercial cigarettes. There was no marijuana in the can.

From the crevices where the front seats were pushed forward, they gathered the debris in a cellophane packet which was identified as C(1); the contents of the ashtray were placed in a cellophane packet and marked C(2); and from the floor of the car under the rear seat, they collected dirt and refuse which was placed in a cellophane packet identified as C(3).

The Commonwealth expert testified that a chemist under his direction examined the contents of the small packets "attempting to separate out any material which might be marijuana" and then examined that under a microscope to see whether marijuana was present in that material.

As to C(1), taken from the crevices under the back of the front seats he found the refuse contained "seeds, crushed leaves and other debris but among that matter we did find marijuana and marijuana seeds" and also straw, hair, stones, and gravel.

As to C(2), the expert testified that the packet contained debris and no marijuana.

As to C(3), taken from the floor under the rear seat of the car he "found a small amount of marijuana in this material".

The defendant was indicted in that he did "feloniously have in his possession and under his control certain dangerous or narcotic drugs." This is in violation of Section 4 of the Act of September 26, 1961, P. L. 1664, 35 P. S. Section 780-4(q).

The defendant moved to suppress the evidence taken from the car on the ground that it was seized by virtue of an illegal search warrant. The motion was denied. At the trial, the motion was again raised and again denied.

Upon the evidence related above, the jury found the defendant guilty as charged. Post-trial motions were denied. The defendant was sentenced to pay a fine of $200 and costs of prosecution and undergo imprisonment of not less than fifteen days nor more than 24 months in the Montgomery County Prison.

The contentions of the defendant are (1) the evidence is insufficient to support a verdict of guilty of possession and control of marijuana; and (2) that the court below erred in refusing to sustain the motion to suppress the evidence.

The proof of the possession and control of marijuana by the defendant presented by the Commonwealth was entirely circumstantial. As Mr. Justice EAGEN said in *Commonwealth v. Simpson,* 436 Pa. 459, 260 A. 2d 751 (1970), at pages 463-64: "It is true that circumstantial evidence, in itself, may be sufficient to establish the commission of a crime and the accused's connection therewith . . . But before a conviction will be sustained 'the facts and circumstances proved must be of such a character as to establish guilt beyond a reasonable doubt.' . . . And, where a conviction is based entirely on circumstantial evidence, 'the theme of guilt must flow from the facts and circumstances proved, and be consistent with them all.' . . . If the conviction is based wholly on inferences, suspicion and conjecture, it cannot stand. . ." (Citing cases)

In *Commonwealth v. Clinton,* 391 Pa. 212, 137 A. 2d 463 (1958), it was held that in a criminal prosecution, "the reasonable inference of guilt must be based on facts and conditions proved; it cannot rest solely on suspicion and surmise."

In *Commonwealth v. Townsend,* 428 Pa. 281, 286-87, 237 A. 2d 192 (1968), the Supreme Court said: ". . . in a prosecution based upon circumstantial evidence, conviction may not be based upon suspicion or conjecture, but rather the evidence must be such 'as reasonably and naturally to justify an inference of the guilt of the accused . . . and of such volume and quality as to overcome the presumption of innocence. . .' "

In *Townsend,* the Supreme Court reversed a conviction of the crime of possession of a firearm. The only evidence was that two weapons were in the car in which he was riding. The Court pointed out that there was evidence to sustain a finding of power to control under the theory of control set forth in *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A. 2d 632 (1962), but the element of knowledge on the part of the defendant of the weapon being in the car was not present.

In the recent case of *Commonwealth v. Tirpak,* 216 Pa. Superior Ct. 310, 263 A. 2d 917 (1970), now before the Supreme Court on allocatur, this Court sustained a conviction of possession on the ground that the evidence placed marijuana, in the form of cigarettes, still warm from use, in the defendants' possession and control. The location of the marijuana cigarettes and the position of the defendants provided the elements of knowledge, possession, and control.

The Commonwealth has the burden of proving beyond a reasonable doubt all of the essential elements of the crime charged. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970). In the instant case,

therefore, the burden of proving beyond a reasonable doubt that he knew there were particles of marijuana mixed with dirt and debris on the rear floor of his mother's automobile, under the rear seat or under the back of the front seats of the car and that he intended to control these particles of marijuana. This proof can be inferred from all the surrounding circumstances but cannot be based upon conjecture or suspicion.

There are no marijuana cigarettes involved as in *Tirpak* (supra), only particles of marijuana found among debris taken from the defendant's mother's car. There are no facts and circumstances that reasonably and naturally lead to the conclusion of possession, knowledge and control. It was a second-hand car of the vintage of 1965 purchased second hand and owned by his mother. How many intervening circumstances may reasonably have been responsible for the particles of marijuana found in this car? Were they there when the mother purchased the car or even before that? Where is the evidence of knowledge by the defendant of its presence in his mother's car?

As to possession, it is difficult to conceive of any one having possession of the scraps of marijuana contained in the refuse swept from the car. It is even more difficult to conceive of any one controlling this marijuana and there is no evidence of knowledge except the fact that he had driven his mother's car. If, in fact, he had knowledge of the existence of the marijuana described by the Commonwealth, in order to exercise possession and control he would have to have an expert on drugs to separate it from the refuse as was done by the Commonwealth. There is no evidence that this defendant had that expertise.

The Commonwealth relies on the presence of small particles of marijuana in the car leaving the proof of possession, control, and knowledge to inference that

can only be based on conjecture and suspicion. This is clearly insufficient to establish the defendant's guilt beyond a reasonable doubt.

The judgment is reversed and the defendant discharged.