Commonwealth *v.* Walker, Appellant.

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Harry W. Farmer,* Assistant Public Defender, with him *John R. Merrick,* Defender, for appellant.

*F. Ned Hand,* Assistant District Attorney, with him *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., December 11, 1973:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Ches-

ter County, by the defendant-appellant, Dell Walker, after conviction by a jury of violation of The Drug, Device and Cosmetic Act, 1961, September 26, P. L. 1664, 35 P.S. §750, for possession of marijuana; and from the denial of post-conviction motions. The appellant was sentenced to pay a fine of $100.00 and the costs of prosecution.

The evidence of the Commonwealth disclosed that police officers executed a search warrant at the home occupied by the appellant and her children and found a pipe in a kitchen cupboard drawer which upon analysis revealed marijuana residue in a small amount. There was no demurrer to the Commonwealth evidence and the appellant took the stand. She told the jury that she knew of the pipe and had handled it, but was unaware of its contents. She testified that the pipe belonged to her brother who she said was babysitting for her on the day of the trial. She did not call him as a witness.

The appellant contends that the evidence was insufficient to support the verdict in that the Commonwealth failed to prove that the appellant knew or should have known that the contents of the pipe was marijuana.

In this case there is no question that the apartment searched was the apartment of the appellant and under her sole control; that she was present when the search was made; that she knew the pipe was in the drawer of the apartment and she had handled it. It was unusual and described as bamboo in appearance. As to the claim that the Commonwealth failed to prove and the court failed to require proof of the element of knowledge on the part of the appellant as to the content and nature of the residue in the pipe, we said in *Commonwealth v. Yaple*, 217 Pa. Superior Ct. 232, 273 A. 2d 346 (1970), at page 241: "This claim (knowledge, as above) must also be rejected. A jury need not be instructed that in order to find the defendant guilty, proof must be offered of his actual knowledge as to possession of drugs.

Knowledge is not an essential element of this offense." However, the court below in its opinion stated as follows:

"The jury was instructed that possession is the physical control of an item, or the ability to physically control it, and that while they may find that a person has the ability to control items within one's living quarters, the Commonwealth must show further that the possession was a knowing possession, in that the Appellant knew or should have known that it was a narcotic drug.

"The jury was fully charged on circumstantial evidence and told that guilt must be proved and not conjectured and the reasonable inference of guilt must be based on facts and conditions proved and could not rest on suspicion or surmise. The jury was told further: 'In other words, the circumstances which you accept as fact must be such as reasonably and naturally to justify the inference of guilt, and should be of such volume and quality as to overcome the presumption of innocence and satisfy you of this Defendant's guilt, beyond a reasonable doubt.'"

In *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972), this Court discusses the provision in the new Act, Section 780-139(a), which provides that: "In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law."

The defendant was sentenced under The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P. L. 233, 35 P.S. §780-102. This Court in approaching the question of "similar" noted that under the language of the old Act possession alone was prohibited and that under the new Act prohibition was "knowingly and intelligently possessing a controlled . . . substance. . . ."

In *Simpson,* supra, this Court stated at page 301: ". . . the offenses are identical with respect to defendant's possession of heroin except that the Controlled Substance Act expressly requires proof of guilty knowledge or intent. However, while under some circumstances this difference might dictate different results under the two acts, we are satisfied that at least with respect to the present case the difference is not significant since under either act the defendant must be shown to have voluntarily intended the possessory act of which he stands accused, and this was the only type of knowledge or intention which was in issue at defendant's trial. Additionally, the evidence believed by the trial court as trier of fact was sufficient to support defendant's conviction under either act, with or without the requirement that the possession be knowing or intentional."

We further held in footnote 1, page 301: "For example, we have held, under prior law, that in the absence of an express requirement of knowledge or intent, a defendant may be convicted notwithstanding his alleged ignorance of the *narcotic content* of pills found in his possession. Commonwealth v. Yaple, 217 Pa. Superior Ct. 232, 273 A. 2d 346, *allocatur refused,* 217 Pa. Superior Ct. 1 (1970) ; Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467, 115 A. 2d 760, *allocatur refused,* 179 Pa. Superior Ct. xxviii (1955). The effect of ignorance of the narcotic content of drugs has not been adjudicated under the Controlled Substance Act."

We continued in footnote 2, page 302: ". . . while intent, in the sense of an intention to do something illegal, may be deleted from the elements of the crime, the act proscribed must still include the element of intent in the sense that the possessory act must be voluntary. Thus, we noted in Schambers that if a person is not conscious of the act of possession of an article such as a packet of narcotics, he cannot be convicted. This situation is distinguishable from those of Commonwealth v.

Yaple, 217 Pa. Superior Ct. 232, 273 A. 2d 346, *alloca-tur refused,* 217 Pa. Superior Ct. 1 (1970), and Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467, 115 A. 2d 760, *allocatur refused,* 179 Pa. Superior Ct. xxviii (1955), wherein the defendants were found in the voluntary possession of pills, but contended that they did not know the pills in question contained narcotics. We held in Yaple and Gorodetsky only that specific knowledge of the narcotic content of the pills need not be shown; we did not hold that the convictions could be sustained without proof that the pills, whatever their content, were voluntarily in the defendants' possession. Thus, we did not depart from our decision in Schambers. See Commonwealth v. Bready, 220 Pa. Superior Ct. 157, 160 n.2, 286 A. 2d 654, 656 n.2 (1971)."

The matter then becomes one of credibility. The jury may well have disbelieved the defendant's story concerning the ownership of the pipe by her brother and could have inferred from the evidence that she had knowledge of its purpose and its contents and could well have inferred her ownership and use of the pipe.

The appellant further contends that it was error by the court below to instruct the jury concerning the appellant's failure to call her brother as a witness and that an inference could be drawn from that failure. It is unnecessary to discuss this issue as the court below points out in its opinion that no exception was taken to its charge and the trial court solicited suggestions and the question was not raised on post-trial motions. So this issue was not before the court below. The issue, therefore, is not before us. However, see also *Commonwealth v. Wright,* 444 Pa. 536, 282 A. 2d 323 (1971).

In *Commonwealth v. Glover,* 446 Pa. 492, 502, 286 A. 2d 349 (1972), the Supreme Court said at page 502: "This is the clear mandate of Pennsylvania Rule of Criminal Procedure 119(b). Commonwealth v. Jennings, 442 Pa. 18, 24, 274 A. 2d 767 (1971), instructs

us that 'Pa. R. Crim. P. 1119(b) provides: "(b) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury." ' " See also, *Commonwealth v. Butler*, 442 Pa. 30, 33, 272 A. 2d 916 (1971); *Commonwealth v. Pitman*, 222 Pa. Superior Ct. 95, 293 A. 2d 358 (1972).

In the *Glover* case, supra, the Supreme Court held that it was error in charging the maxim "falsus in uno, falsus in omnibus" without pointing out that the maxim was equally applicable to all witnesses. However, as the defendant failed to make a specific objection to the charge the court did not consider it.

Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAETH, J.:

Appellant was convicted of possession of marijuana totaling two grains or .00457 ounces.[1] The marijuana consisted of the residue or brown ash found in a pipe that police officers retrieved from a cupboard drawer

---

[1] Neither this court nor the Pennsylvania Supreme Court has considered whether a defendant may be convicted of possession of a quantity of narcotics which is insufficient for ordinary use or sale. *See* Comment, Possession and Control of Drugs in Pennsylvania: What is it?, 10 Duquesne L. Rev. 476, 481-482 (1972) (arguing that an unusable quantity of drugs is not what the legislature intended to prohibit when it outlawed drug possession because of the danger to users and society). There can be no doubt, however, that the quantity of narcotics involved is considered in testing the sufficiency of the evidence presented by the Commonwealth on the various elements of possession. *See, e.g., Commonwealth v. Dasch*, 218 Pa. Superior Ct. 43, 269 A. 2d 359 (1970) (element of possession could not be inferred from presence of particles of marijuana mixed with dirt and debris on rear floor of auto belonging to defendant's mother).

in appellant's kitchen.[2] This residue was not loose in the pipe, nor could its nature as residue of burnt marijuana be determined by the naked eye. A chemist employed by the Delaware County District Attorney's Office conducted tests on the residue. At appellant's trial, he testified that he was able to extract the residue from the pipe by "pounding [it] out". He first examined a bit of it under a microscope using one hundred "x" magnification and found that some of the particles that had not been fully burned had the crystalline characteristics of marijuana. He also conducted a chemical test. On the basis of both the microscopic and chemical examinations he concluded that the residue came from marijuana. These tests consumed all of the residue the chemist was able to extract from the pipe.

There is a knowledge element to the offense of possession under The Drug, Device and Cosmetic Act, September 26, 1961, P. L. 1664, §4, 35 P.S. §780-4(q). Although it is clear under the reasoning of *Commonwealth v. Yaple,* 217 Pa. Superior Ct. 232, 273 A. 2d 346 (1970) and *Commonwealth v. Gorodetsky,* 178 Pa. Superior Ct. 467, 115 A. 2d 760 (1955), that a defendant may be convicted of possession notwithstanding his ignorance of the narcotic content of the substance he is carrying, the Commonwealth must show that the defendant was "aware or conscious of the fact that he was transporting a given article." *Commonwealth v. Schambers,* 105 Pa. Superior Ct. 467, 474, 161 A. 624, 626-27 (1932). "[I]f a person is not conscious of the act of possession of an article such as a packet of narcotics, he cannot be convicted." *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 302 n.2, 294 A. 2d 805, 808 (1972). *See also* Note, Possession of Nar-

---

[2] A few pieces of cloth, a package of cigarette papers, sunglasses, coffee cups, a few pills and a couple of envelopes were also found in the drawer.

157

cotics in Pennsylvania: "Joint Possession", 76 Dick. L. Rev. 499, 514-516 (1972).

In this case, there is no evidence establishing that appellant was aware that the pipe contained a residue and that she knowingly possessed it. While appellant admitted that she knew the pipe was in her apartment and that she had handled it, "moving it around in the drawer", she was not asked whether she knew or suspected that the pipe contained marijuana residue. There is no evidence from which it can be inferred that she knew the pipe had any contents. The residue the chemist found was not loose so as to fall out when the pipe was handled normally; nor was it of such great weight as to indicate its presence to one picking the pipe up. It is possible that at some time the pipe had a larger quantity of residue of a looser nature but there was no showing of that. There is no indication that appellant used the pipe or saw it being used and should have known or suspected that a residue had formed. The pipe was made of bamboo and was unusual in appearance. From the description it could serve an ornamental or decorative function. Nothing in the evidence suggests that the pipe could only be used for smoking marijuana and thus was likely to have marijuana residue therein.

Because the knowledge element of possession was not established, I would reverse.