Gillen Appeal.

Hartman Appeal.

Argued December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*J. Gregg,* with him *Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellants.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *J. David Bean,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 22, 1975:

The adjudication and order of the court below appealed on behalf of Hartman at No. 1242, October Term 1974, in this Court, is reversed and remanded for further proceedings.

The six judges who heard the appeal on behalf of Gillen, at No. 1241, October Term 1974, in this Court, being equally divided, the order of the court below is affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

Opinion by Price, J., In Support of Per Curiam Order:

These are appeals by Patrick Gillen and Timothy Francis Hartman from adjudications of delinquency based on petitions filed by the Ambler Police Department on May 31, 1974. The petitions alleged acts of criminal mischief by both the minors. In addition, a petition against Gillen only was filed by the Upper Dublin Police Department, alleging theft of movable property, possession of a pipe containing marijuana residue, and another act of criminal mischief.

An adjudicatory hearing was held on June 7, 1974, at which time the following facts were placed in evidence. On May 30, 1974, Marilyn Lobley and David Styer parked their cars in front of the Ambler Presbyterian Church. Upon returning to their cars later in the evening, both owners discovered that the automobiles were damaged. The right doors of Mrs. Lobley's Toyota had been kicked in and the rear panel dented. Mr. Styer's Datsun had been similarly damaged. The print of a sneaker was visible on the right door of Mr. Styer's Datsun, in the center of the dent.

Further testimony by a disinterested witness, Ruellen Booker, placed the youths at the scene at the approximate time the mischief had been committed. This witness stated that she had seen one of the appellants standing near the Toyota and the other jumping on its rear bumper. She recognized the boys from prior associations with them.

Two policemen from the Ambler Police Department observed the boys one block from the church shortly after Ms. Booker had seen them. The boys ran when they recognized the officers, but were apprehended. The officers stated that the boys appeared to have been drinking, and that they were wearing sneakers.

On May 31, 1974, Mr. Lobley took his car to the Pottstown Auto Refinishing Company and received an esti-

mate for the repair of his Toyota in the amount of $434.04. On June 3, 1974, Mrs. Styer received estimates, from Reitenbaugh Motor Sport, of $166.29 to replace the door and of $100.70 to repair it.

Further testimony dealt with the petition filed only against Gillen. Gillen admitted possession of a pipe with marijuana residue, but denied the theft of movable property and criminal mischief. (This criminal mischief related to his behavior while at the police station. Gillen carved his name on his bunk and caused a sink to overflow, thereby damaging the walls, wiring, and certain instruments housed at the station. The amount of damage proven was $71.)

At the conclusion of the hearing, both boys were adjudicated delinquent based on conduct which violated ιe criminal mischief statute, Act of December 6, 1972, ,  1482, No. 334, §1 (18 Pa.C.S. §3304). In addition, Gillen was found delinquent for his possession of the pipe with marijuana residue. The charge of theft of movable property was dismissed.

The only issue raised in this appeal concerns the estimates for repairs of the damaged automobiles. Appellants contend that their adjudications of delinquency must be reversed because they were based on inadmissible hearsay in the form of testimony concerning the estimates.

The issue presented in this case must be analyzed from two aspects. First, we must determine whether the Commonwealth had to prove the amount of damage sustained. Secondly, we must determine whether the testimony was both inadmissible and used as the sole basis for a finding of delinquency.

The juvenile courts of this Commonwealth have jurisdiction over children charged with delinquent acts. The Juvenile Act, Act of Dec. 6, 1972, P.L. 1464, No. 333, §2 (11 P.S. §50-102(2)), defines a "delinquent act" as "an act designated a crime under the law of this State.... 'Delinquent Act' shall not include the crime of murder

nor shall it include summary offenses unless the child fails to pay a fine levied thereunder. . . ."

In the instant case, appellants were charged with criminal mischief, which is ". . . a misdemeanor of the third degree if [the actor] intentionally or recklessly causes pecuniary loss in excess of $500. Otherwise criminal mischief is a summary offense." The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3304(b)). Because the juvenile court is not vested with jurisdiction over summary offenses, the amount of damage caused by the boys was an essential element of the Commonwealth's case. If the Commonwealth failed to prove, by competent evidence, that the amount of damage was more than $500, the juvenile court had no power to enter an adjudication of delinquency even if it found the minors culpable of the offending conduct. Therefore, the Commonwealth had the burden of proving the amount of damage in the instant case.

Our next inquiry is whether the Commonwealth met its burden. The Commonwealth's evidence of the amount of damage caused by these boys was limited to the estimates for repair. No one from the repair shops was called to authenticate the estimates. It is not disputed that the estimates were written statements prepared by persons not under oath nor subject to cross-examination. Moreover, they were offered into evidence to prove the truth of the matter asserted; i.e., the amount of pecuniary loss suffered by the owners of the damaged automobiles. Therefore, they were hearsay. The estimates were not authenticated by the authors, nor even identified by the persons who had requested that the estimates be made,[1] and con-

---

1. In the case of the Lobley's, Mr. Lobley obtained the estimate but was not called as a witness. Mrs. Lobley stated that the information contained on the estimates was what her husband told her the garage told him, and that she did not know from personal knowledge that the information was correct. In the Styer's case, Mrs. Styer obtained the estimate but Mr. Styer testified at the hearing.

sequently do not fall within the business records exception to the hearsay rule. *See Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972). Concluding, as we must, that such evidence was improperly admitted and finding *no* other evidence of pecuniary loss, the Commonwealth's case must fail by reason of its failure to establish an essential element of the juvenile court's jurisdiction.

Moreover, the law is clear that inadmissible hearsay may not serve as the basis for an adjudication of delinquency. *In re Gault,* 387 U.S. 1 (1967); *Terry Appeal,* 438 Pa. 339, 265 A.2d 350 (1970) *aff'd sub nom. McKeiver v. Pennsylvania,* 403 U.S. 528 (1971); *Farms Appeal,* 216 Pa. Superior Ct. 445, 268 A.2d 170 (1970).

Therefore, unless there is other evidence upon which to sustain the findings of the lower court, we must reverse and remand for new hearings.

In the concluding paragraph of his opinion, the hearing judge stated:

"The Court was convinced by the totality of the evidence of the appellants' culpability beyond a reasonable doubt of criminal mischief and as to Hartman, this alone formed the basis for the adjudication of delinquency. As to Gillen it was only one of several bases for the adjudication of delinquency as to him."

Because the inadmissible hearsay was the sole basis for the court's determination that Hartman was delinquent, we must reverse and remand.

However, because there was adequate, competent evidence, including an admission of possession of a pipe containing marijuana residue, upon which the court based its adjudication of Gillen's delinquency, that adjudication is affirmed. The plea of guilty to possession, a crime separate and distinct from that of criminal mischief, is alone sufficient to sustain the court's adjudication of Gillen's delinquency. See the Juvenile Act, 11 P.S. §50-102(2), *supra.*

WATKINS, P.J., and JACOBS, J., join.

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

I concur in the Majority's holding that the court's finding that appellant Hartman was delinquent was erroneous because it was based on inadmissible hearsay evidence. I cannot join, however, the affirmance of the juvenile court's finding that appellant Gillen was delinquent.

The juvenile court stated that "[t]he Court was convinced by the totality of the evidence of the appellant's culpability beyond a reasonable doubt of criminal mischief and as to Hartman, this alone formed the basis for the adjudication of delinquency. As to Gillen it was only one of several bases for the adjudication of delinquency as to him."

The "several bases" included: one, theft of movable property; two, a separate charge of criminal mischief; three, possession of a pipe containing a small residue of marijuana. The petition charging appellant Gillen with theft of movable property was discharged; thus, it could not be part of the foundation to uphold the juvenile court's finding of delinquency. The criminal mischief charge was based on $70.00 worth of damage done during appellant's detention in the police station. Seventy dollars, however, is insufficient to confer jurisdiction upon the juvenile court: the Crimes Code,[1] 18 Pa. C.S. §3304 (b), makes criminal mischief a summary offense if the damage caused is less than $500.00; the Juvenile Act,[2] 11 P.S. §50-102(2), excludes summary offenses from those criminal offenses which can support a finding of delinquency.

Thus, the only basis other than the damage to the two automobiles that could sustain the finding of delin-

1.. Act of Dec. 6, 1972, P.L. 1482, No. 334, effective date six months from date of enactment.

2. Act of Dec. 6, 1972, P.L. 1464, No. 333, §2 et seq.

quency is the charge of possession of marijuana. First, I have serious doubts as to whether such an infinitesimal amount of marijuana ought to be sufficient to sustain a conviction or finding of delinquency. See *Commonwealth v. Dasch*, 218 Pa. Superior Ct. 43, 269 A. 2d 359 (1970); *Commonwealth v. Walker*, 226 Pa. Superior Ct. 149, 155, 313 A. 2d 351 (1973). (Dissenting opinion by SPAETH, J.). I am hardpressed to hold that such quantities are within the ambit of the legislative prohibition. Cf., Comment, Possession and Control of Drugs in Pennsylvania; What is it? 10 Duquesne L.Rev. 476 (1972). Second, I believe that a finding of criminal liability (and *a fortiori*, delinquency) is in fact impermissible under our new Crimes Code, supra, 18 Pa. C.S. §312, defining "De Minimis infractions." I agree with the following interpretation of §312: "In effect, the court is requested to do what juries often do, when there is a very minor offense, and the jury feels that because of the pettiness of what took place, the defendant should not be convicted." Jarvis, Pennsylvania Crimes Code and Criminal Law, p. 18 (1974). See also, *Commonwealth v. Riggins*, 232 Pa. Superior Ct. 32, 36, 332 A. 2d 521, 523 (1974) (dissenting opinion by HOFFMAN, J.) for a discussion of the inequity that has arisen statewide in the treatment of the possession of small amounts of marijuana. Third, an adult convicted of the crime of possession of less than 30 grams of marijuana is subject to a maximum term of only 30 days. 35 P.S. §780-113(g).[3] While limiting the term of possible imprisonment, the legislature labelled the offense a misdemeanor. *Id.* I am concerned about granting juvenile courts jurisdiction where the legislature by the term of permissible punishment has impliedly determined an act to be a minor offense, despite the specific denomination of

---

3. Act of April 14, 1972, P.L. 233, No. 64, §13, imd. effective, as amended 1972, Oct. 26, P.L. 1048, No. 263, §1, imd. effective.

the offense as a misdemeanor.[4] Finally, the Majority allows the appellant to be found delinquent even after the primary grounds on which that finding was made by the juvenile court have been found impermissible. Cf., *Commonwealth v. Lockhart*, 223 Pa. Superior Ct. 60, 296 A. 2d 883 (1972). Simply stated, it is obvious that the juvenile court considered the episode of criminal mischief, which we have just held improperly proven before the juvenile court, as the primary basis for its finding of delinquency. The juvenile court stated explicitly that the criminal mischief was "one of several bases for the adjudication of delinquency." It seems patently obvious that we ought to order a rehearing to allow the juvenile court to determine whether such a finding was in order based solely on the charge of possession of a pipe with an infinitesimal amount of marijuana in its bowl.

CERCONE, J., joins in this opinion.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

I agree with Judge HOFFMAN'S opinion, but wish to add one further note with respect to the majority's disposition of this case. The record in this case is lacking in formal post-trial motions, so we cannot know whether Hartman asked to be discharged if the evidence was found to be insufficient. His brief on this appeal asks for a discharge or a new trial. Without deciding which is the appropriate relief, I do not think the lead opinion should

---

4. Under the sentencing provision of the Crimes Code, supra, §106, a third degree misdemeanor is punishable by one years' imprisonment while a summary offense carries a possible maximum of ninety days. See also, Crimes Code, supra, §106(e): "An offense hereafter defined by any statute other than this title shall be classified as provided in this section." The Controlled Substances Act, supra, was promulgated prior to the Crimes Code. Were the Act promulgated today, §106(e) would define that offense as a summary offense.

be construed as holding that Hartman has waived any claim he might have that he may not be tried a second time for the same offense. *See Commonwealth v. Dale,* 232 Pa. Superior Ct. 213, 335 A.2d 454 (1975). *See also Breed v. Jones,* 421 U.S. 519 (1975) [17 Cr.L. 3047].