## Kondracki v. Mechanics' Choice Warranty Corp.

C.P. of Berks County, no. 97-3424.

*Michael Power,* for appellee.
*Bradley D. Miller,* for appellant.

STALLONE, *J.,* June 9, 2000—This is a breach of warranty action. In 1996, the appellee, Tanya Kondracki, purchased a used 1990 Mitsubishi Eclipse from Auto Ventures Inc., a used car dealership in York, Pennsylvania, and a written six month/6,000 mile warranty from the appellant, Mechanics' Choice Warranty Corp. After she purchased the vehicle, she began to hear a "grinding" noise in the transmission and thereafter experienced engine failure. She asked Mechanics' Choice to cover the cost of repairing both items under the warranty, but it refused her request. Therefore, after paying the repair

costs herself in the amount of $3,707.16, she commenced this action in which she alleged that Mechanics' Choice breached the warranty by refusing to provide coverage for the repair costs. Mechanics' Choice denied all liability on the basis that Ms. Kondracki herself breached the written warranty by not taking her vehicle for inspection to an authorized repair facility, as required by the terms of the warranty.

Following a trial, a jury entered a verdict in favor of Ms. Kondracki and against Mechanics' Choice in the amount of $3,782.16 plus court costs. Thereafter, this court held a hearing on Ms. Kondracki's claims for attorney's fees under the *Magnuson-Moss Federal Trade Commission Improvement Act* [1] (*the Magnuson-Moss Act*)[2] and for an additional award of money damages under the *Pennsylvania Unfair Trade Practices and Consumer Protection Law*.[3] On July 26, 1999, this court entered the following in disposition of all of Ms. Kondracki's claims:

" 'Molded' Verdict

"July 26, 1999, this court finds in favor of the plaintiff, Tanya Kondracki, and against the defendant, Mechanics' Choice Warranty Corp., in the amount of $12,682.16 plus court costs, consisting of the verdict of the jury entered June 28, 1999, in the amount of $3,782.16, plus court costs and $8,900 in attorney's fees

---

1. All italicized language in this memorandum opinion is for emphasis only.

2. Title 15, 15 U.S.C. §2319(d)(2) (West 1999).

3. Title 73, 73 P.S. §201-1 et seq. (Supp. 1999). Section 204-9 of this law permits a trial court, in its discretion, to award three times the amount of actual damages sustained by a plaintiff as a result of a violation of one or more provisions of this law.

pursuant to *The Magnuson-Moss Federal Trade Commission Improvement Act,* Title 15, 15 U.S.C. §2319(d)(2) (West 1999).

"This court finds in favor of the defendant, Mechanics' Choice Warranty Corp., and against the plaintiff, Tanya Kondracki, on her claim for damages under the *Pennsylvania Unfair Trade Practices and Consumer Protection Law,* title 73, 73 P.S. §201-1 et seq. (Supp. 1999)."

Mechanics' Choice thereafter filed a *motion for post-trial relief* seeking judgment n.o.v. or, in the alternative, a new trial, which this court denied. This timely appeal followed.

Mechanics' Choice's first argument is that this court erred in instructing the jury that it could award the full cost of repairs for both the transmission and the engine, if it found that Mechanics' Choice breached the warranty, when the terms of the warranty provided that only 80 percent of the cost of the repairs would be covered, subject to a $20 deductible. However, Mechanics' Choice never submitted to this court a proposed point for charge to the jury on this matter and failed to raise any objection thereto after this court's charge to the jury on the law which it was to apply to the evidence. Accordingly, this issue must be deemed waived. *In re Estate of Fonos,* 698 A.2d 74, 79 (Pa. Super. 1997).

Next, Mechanics' Choice contends that we erred in allowing Ms. Kondracki to place the paid repair bills into evidence without authentication testimony from the person who made the repairs. It is well settled that, under Pennsylvania law, evidentiary rulings are matters which are addressed to the sound discretion of the trial

court and, therefore, will be reversed only upon a showing of an abuse of discretion. *Cooke v. Equitable Life Assurance Society of United States,* 723 A.2d 723 (Pa. Super. 1999); *American States Insurance Co. v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993). The Supreme Court of Pennsylvania defined the term "abuse of discretion" in *Commonwealth v. Lane,* 492 Pa. 544, 549, 424 A.2d 1325, 1328 (1981), as follows:

"An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that 'the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.' "

Moreover, where a trial court's ruling on evidence is the basis for the request for a new trial, as it is in this case, the complaining party must show not only that the ruling was in error but also that it caused prejudice to that party. *Dougherty v. Edward J. Meloney Inc.,* 443 Pa. Super. 201, 661 A.2d 375 (1995).

In the exercise of our sound discretion, we determined that the repair bills which she personally paid were admissible as support for Ms. Kondracki's testimony concerning the amount of the repair costs. Mechanics' Choice has not alleged, let alone made any showing, that our admission of this evidence for this limited purpose was either manifestly unreasonable or the result of partiality, prejudice or ill will. And, more importantly, even assuming, arquendo, that our ruling was in error, Mechanics' Choice has not alleged that it caused prejudice to its case inasmuch as this court gave Mechanics' Choice the opportunity to cross-examine Ms. Kondracki and to

present evidence to dispute the paid repair bills (N.T., trial, p. 61) but it chose not to do so. Therefore, we find that we did not abuse our discretion in admitting the paid repair bills into evidence.[4]

Mechanics' Choice also argues that this court erred in allowing Ms. Kondracki to testify concerning the actual repair costs, as well as the nature and the necessity and the reasonableness of the repairs made to her vehicle on the basis that such testimony was inadmissible hearsay.[5] As this issue also involves an evidentiary ruling which was committed to the sound discretion of this court, our ruling may be reversed only upon a finding of a clear abuse of discretion. *American States Insurance Co., supra.* Since there was no dispute that the transmission and engine in Ms. Kondracki's vehicle failed, she certainly was competent to testify as to how much she paid for these repairs and to give her opinion as to the nature, necessity and reasonableness of these costs. See *Kravinsky v. Glover,* 263 Pa. Super. 8, 396 A.2d 1349

---

4. Mechanics' Choice cites *Gillen Appeal,* 236 Pa. Super. 521, 344 A.2d 706 (1975), and *Commonwealth of Pennsylvania, Department of General Services v. G. Weinberger Co.,* 65 Pa.Commw. 201, 441 A.2d 1341 (1982), in support of its argument on this issue. However, we find that *Gillen* is distinguishable because that case involved the admission into evidence of *repair estimates,* as opposed to paid repair bills. The *Weinberger* case is likewise distinguishable because there, the Pennsylvania Department of General Services failed to present any testimony relative to the amount of its damage claims, whereas Ms. Kondracki testified as to the cost to repair the damaged transmission and engine.

5. Under Pennsylvania law, "hearsay" is defined as an out-of-court statement offered to prove the truth of the matter asserted therein. Pa.R.E. 801; *Samarin v. GAF Corporation,* 391 Pa. Super. 340, 571 A.2d 398 (1989), *appeal denied,* 524 Pa. 624, 574 A.2d 66 (1990).

(1979). Moreover, Mechanics' Choice would have had the opportunity to determine the necessity and reasonableness of the costs of repairs had Penn Diagnostic, which was the authorized repair facility referred to her by Mechanics' Choice, not refused to do so when she took her car to that location on two separate occasions. (N.T., trial, pp. 134-36.)

Furthermore, even assuming, arquendo, that we erred in admitting such testimony, Mechanics' Choice once again has failed to allege, let alone make any showing, that this court's admission of such testimony was either manifestly unreasonable or the product of partiality or that it caused prejudice to Mechanics' Choice. And, again, Mechanics' Choice had the opportunity to present evidence to dispute Ms. Kondracki's testimony on those matters but chose not to do so. Therefore, we conclude that we did not abuse our discretion in admitting this testimony.

That leaves us with Mechanics' Choice's final argument that this court should not have awarded damages to Ms. Kondracki under the *Magnuson-Moss Act* because it applies only to warranties and the contract in dispute is a "service contract" to which that Act does not apply. We disagree. Section 2310(d)(1) of the *Magnuson-Moss Act* plainly provides that the Act applies to service contracts, as follows:

"(1) Subject to subsections (a)(3) and (4) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or *service contract,* may bring suit for damages and other legal and equitable relief—."

Therefore, we affirm our order denying *Mechanics' Choice's motion for post-trial relief* and respectfully urge the Superior Court of Pennsylvania to deny this appeal.