J-S31001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                     :
:
:
:
DAKOTA GARVEY           :
:
Appellant         :    No. 218 MDA 2020

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001750-2019

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:          **FILED AUGUST 25, 2020**

Dakota Garvey appeals from judgment of sentence of a one-dollar fine

and related restitution, which was imposed following his conviction for criminal

mischief graded as a summary offense. We affirm.

The trial court summarized the facts as follows:

> On Friday, March 22, 2019, [Appellant] arrived at his mother's
> home, where she lived with her paramour Steven Fabrick. The
> home was a rental property. At trial, Mr. Fabrick testified that
> [Appellant] was banging and kicking the front door of his
> residence. Ultimately[,] a window pane of glass was shattered
> and there was some damage to the door. Mr. Fabrick testified
> that [Appellant] was unwelcome at the home and that he
> communicated this to [Appellant] while he was attempting to gain
> (unsuccessful) entry. Mr. Fabrick testified the value of the
> damage to the door, based on his experience in home repair, was
> about $600 depending on who fixes it. The door was not fixed.

Trial Court Opinion, 3/6/20, at 2.

Appellant was charged with one count of criminal trespass and two counts of criminal mischief under 18 Pa.C.S. § 3304(a)(5): one a summary offense, and the other a second-degree misdemeanor. The criminal trespass charge was dismissed at the preliminary hearing; the two counts of criminal mischief were held over for court. Prior to trial, the Commonwealth withdrew the summary criminal mischief charge.

At the close of the Commonwealth's case, Appellant moved for judgment of acquittal on the sole charge of second-degree misdemeanor criminal mischief. *See* N.T. Trial, 9/26/19, at 94. Appellant argued that the amount of the loss was an element of second-degree misdemeanor criminal mischief, the only charge in the criminal information, and that the Commonwealth had failed to establish a loss exceeding $1,000. *Id*. at 95-96. The Commonwealth conceded that the evidence was insufficient for a second-degree misdemeanor grading of the offense, but maintained that it was sufficient for a third-degree misdemeanor grading. The trial court granted the motion for judgment of acquittal as to criminal mischief graded as a second-degree misdemeanor, but denied the motion as to the lesser-graded offenses of third-degree misdemeanor and summary criminal mischief.

The case proceeded to verdict, and the jury found Appellant guilty of criminal mischief. The jury then determined that the damages amounted to $500 or less, consistent with the summary offense of criminal mischief. Appellant filed a timely post-sentence motion for judgment of acquittal, which the court denied on January 6, 2020. Appellant timely appealed, and the trial

court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days, or suffer waiver. Appellant, represented by counsel, filed an untimely Rule 1925(b) concise statement, and contemporaneously filed a motion seeking leave to file his concise statement *nunc pro tunc*. Although there was no ruling on the latter motion, the trial court addressed Appellant's issue in its Rule 1925(a) opinion.

Appellant presents one issue for our review: "Whether the trial court erred in denying Appellant's motion for judgment of acquittal and post sentence motion as the proof of damages, which is an element of the crime of criminal mischief when graded as a misdemeanor of the second degree, and the Commonwealth failed to amend the criminal information?" Appellant's brief at 5 (unnecessary capitalization omitted).

Preliminarily, we must address whether Appellant has waived his sole issue on appeal by failing to file a timely Rule 1925(b) concise statement of errors complained of on appeal. As the trial court noted, compliance with Rule 1925(b) is a bright-line rule, and waiver is automatic even if the Commonwealth does not assert waiver, or the trial court addresses the issues in its opinion. **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002); **see also** Pa.R.A.P. 1925(b)(4)(vii). However, the trial court relied upon **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009), for the proposition that failure by counsel to file a **timely** Rule 1925(b) concise

statement constitutes ineffectiveness *per se*, and since it could address the issue identified in the untimely concise statement, it did so.

The trial court's treatment of the untimely-filed Rule 1925(b) concise statement of errors was proper. We have held that counsel's failure to file a Rule 1925(b) concise statement is presumptively prejudicial and clear ineffectiveness, as it deprives an appellant of meaningful appellate review. **See Commonwealth v. McBride**, 957 A.2d 752, 756 (Pa.Super. 2008). In that situation, the usual remedy is to remand for the filing of Rule 1925(b) statement *nunc pro tunc* and for the trial court's preparation of a Rule 1925(a) opinion. **See Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008). However, as we recognized in **Burton**, **supra**, counsel's untimely filing of a Pa.R.A.P. 1925(b) statement on behalf of a defendant seeking to appeal is the equivalent of a complete failure to file because it results in waiver of all issues on appeal without any reasonable basis. Thus, where a statement has been filed, albeit late, but the trial court has issued an opinion addressing the issues raised, remand would not serve any purpose. Thus, we held in **Burton** that, in such circumstances, this Court may decide the appeal on the merits.

Such is the case herein. The issue presented in Appellant's untimely-filed Rule 1925(b) concise statement was addressed by the trial court in its Rule 1925(a) opinion. Hence, remand for the filing of a statement and opinion is unnecessary, and we may proceed to review Appellant's claim.

Appellant complains on appeal that the trial court erred in denying his motion for judgment of acquittal. Our standard of review of such a claim is as follows: "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa.Super. 2014). Appellant claims that the Commonwealth's evidence was insufficient to prove the crime charged, *i.e.*, criminal mischief, a misdemeanor of the second degree. *See Commonwealth v. Stahl*, 175 A.3d 301, 302 (Pa.Super. 2017). When we review a sufficiency challenge,

> The standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Edwards*, ___A.3d___. 2020 PA Super 37, 2020 WL 702571, at *5 (Pa.Super. Feb. 12, 2020) (citation omitted).

- 5 -

Appellant contends that the amount of the pecuniary loss is an element of the offense of criminal mischief. In support of that position, he directs our attention to **Commonwealth v. Kearney**, 225 A.3d 590(Pa.Super. 2019), where this Court vacated the conviction of criminal mischief graded as a third-degree misdemeanor as the evidence was insufficient to support a finding of damages in excess of $500. He also relies upon **Commonwealth v. Battiato**, 619 A.2d 359 (Pa.Super. 1993) (abrogated on unrelated grounds) (citing **In re Gillen**, 344 A.2d 706, 708 (Pa.Super. 1975)), for the proposition that when criminal mischief is charged as a felony or misdemeanor, the monetary value of the damage caused by the defendant is an essential element of the offense. Appellant maintains that since he was charged in the criminal information with criminal mischief in the second degree, requiring proof of property damage of $1000 or more, and the Commonwealth did not offer such proof or amend the criminal information, judgment of acquittal should have been granted.

The Commonwealth counters that the summary offense of criminal mischief is a lesser-included offense of second-degree misdemeanor criminal mischief, and that it did not need to be charged in the information. **See** Commonwealth's brief at 7. It directs our attention to our decision in **Commonwealth v. Houck**, 102 A.3d 443 (Pa.Super. 2014), which relied upon the Supreme Court's earlier decision in **Commonwealth v. Sims**, 919 A.2d 931 (Pa. 2007). In **Sims**, the Court reaffirmed that a defendant can be convicted of a crime that was not actually charged when the uncharged

offense is a lesser-included offense of the charged crime. The rationale for the rule is that "the defendant does not need separate notice to defend against [a lesser-included offense . . . ] because the defense that he prepares against the offenses charged will necessarily attempt to refute the Commonwealth's evidence of the lesser offenses." *Id*. at 941-42. *See also Commonwealth v. Pemberth*, 489 A.2d 235, 237 (Pa.Super. 1985) (holding that notice can be "achieved in one of two ways: either the Commonwealth will give an accused express notice by charging him with the less culpable offense or it will give him implicit notice through the information where the proven, but uncharged crime is a lesser-included offense of the charged, but unproven, offense").

The trial court applied a slightly different analysis. It reasoned that the difference between misdemeanor criminal mischief and summary criminal mischief lies not in the elements of the crime, but in the gradation of the offense proven, which is determined by the pecuniary amount of damages. *See* Trial Court Opinion, 3/9/20, at 3. With respect to criminal mischief, the trial court noted that, "[n]one of the factual scenarios listed in 18 Pa.C.S.A. §3304(a)(1) through (a)(6) contains the element of valuation of the damage or loss." *Id*. at 4. It analogized that statute to theft offenses, where the grade of the offense is determined by the value of the items stolen.

The trial court rejected Appellant's contention that proof of damages became an element of the crime because the criminal information charged the

criminal mischief as a misdemeanor of the second degree, and that by failing to meet the threshold value, the defendant was entitled to an acquittal. The court reasoned that Appellant was not prejudiced by facing criminal liability for criminal mischief graded as a summary offense or a third-degree misdemeanor, as any defense he had to the crime charged would have been identical to any defense he would have had to the charge of the summary offense, citing **Commonwealth v. Farmer**, 366 A.2d 748 (Pa.Super. 1976) (holding crime of attempted theft of the contents of an automobile is a lesser-included offense of the crime of attempted theft of an automobile). The conduct and the intent element were the same. **See** Trial Court Opinion, 3/9/20, at 5. The only difference was the grading of the offense. **Id**.

The criminal mischief statute provides in pertinent part:

> (a) Offense defined. — A person is guilty of criminal mischief if he:
>
>      . . . .
>
>      (5) intentionally damages real or personal property of another; or
>
>      . . . .
>
> (b) Grading. — Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000, or a substantial interruption or impairment of public communication, transportation, supply of water, gas or power, or other public service. It is a misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $1,000, or a misdemeanor of the third degree if he intentionally or recklessly causes

> pecuniary loss in excess of $500 or causes a loss in excess of $150 for a violation of subsection (a)(4). Otherwise criminal mischief is a summary offense.

18 Pa.C.S. § 3304.

As the statutory language indicates, proof of pecuniary loss is not required in order to support a conviction of criminal mischief graded as a summary offense. One is guilty of the summary offense of criminal mischief if one "intentionally damages real or personal property of another," even without proof of any pecuniary loss. The amount of the pecuniary loss determines the grading of the offense.

Herein, the evidence of record supports Appellant's conviction of criminal mischief, a summary offense. Evidence was adduced from which the jury could reasonably conclude that Appellant intentionally damaged the door belonging to his mother's landlord, but that the pecuniary loss did not exceed $500. Such was not the case in **Kearney**, relied upon by Appellant. Although Kearney was charged with third-degree felony criminal mischief, the court found him guilty of third-degree misdemeanor criminal mischief. On appeal, Kearney presented two alleged errors: first, that the court impermissibly amended the charge at the end of trial; and, second, that the evidence did not support a finding of damages of at least $500, which was required to sustain the conviction as a third-degree misdemeanor.

In **Kearney**, this Court did not address the propriety of the trial court *sua sponte* convicting Kearney of third-degree misdemeanor criminal mischief

instead of the charged felony-graded offense. Rather, we vacated his conviction of the misdemeanor criminal mischief because there was insufficient evidence of damages in excess of $500 to support it. We found that the Commonwealth did not present evidence proving beyond a reasonable doubt windshield damage of at least $500. Thus, *Kearney* is inapposite as the evidence in the instant case is legally sufficient to support Appellant's conviction of criminal mischief graded as a summary offense, and Appellant does not argue to the contrary.

Appellant's reliance upon **Battiato** is similarly misplaced. Therein, the trial court did precisely what the trial court did herein: it reduced the grade of offense of criminal mischief from a second-degree misdemeanor to a summary offense in response to a defense demurrer that "the Commonwealth ha[d] failed to prove that the damages were in excess of $ 1,000." **Battiato**, *supra* at 363. In contrast to the situation before us, Battiato did not challenge the court's action in this regard. Instead, she argued that the evidence was insufficient to sustain her conviction because the Commonwealth had not presented any competent evidence as to the value of the damages, which she maintained was an essential element of the crime. This Court held that the amount of damage to property was not an element of the summary offense of criminal mischief of which the appellant was found guilty, and thus, her sufficiency challenge failed.

Appellant's complaint here involves the issue we did not reach in **Kearney**, and which was not before us in **Battiato**. He contends that the trial court should have granted judgment of acquittal and dismissed the case entirely when the Commonwealth's proof of pecuniary loss fell short of that required for the crime **charged**: criminal mischief graded as a second-degree misdemeanor. He faults the trial court for ruling that the evidence adduced was sufficient to support a conviction of the lesser-graded offenses of either third-degree misdemeanor or summary criminal mischief, although the Commonwealth did not seek to amend the information. Appellant contends that he could not be convicted of summary criminal mischief when he was charged with second-degree misdemeanor criminal mischief, absent amendment of the information.

Appellant's arguments herein mirror those of the appellant in **Houck**, **supra**. Therein, the appellant was charged with one count of driving under the influence ("DUI") under § 3802(c), which required proof beyond a reasonable doubt that the appellant had a blood alcohol concentration ("BAC") of .16% or higher. The jury found that his BAC was between 0.1% and 0.159%, which was inconsistent with a conviction under the charged section of the DUI statute. As herein, the appellant complained that since the Commonwealth did not move to amend the information to include the lower BAC levels, the jury's finding precluded conviction under § 3802(c) as a matter of law, because the jury effectively convicted the appellant of § 3802(b) DUI,

- 11 -

an offense not charged. Thus, the appellant argued that the jury's factual finding of a BAC of 0.10% to 0.159% obligated the court to enter a "not guilty" verdict on the only charge in the information. Alternatively, the appellant maintained that the jury specifically determined that the evidence did not prove one of the necessary elements of § 3802(c) as charged, *i.e.,* a BAC of 0.16% or higher, and thus, the verdict should have been set aside.

The Commonwealth in **Houck** articulated the same position it advances herein. It argued that a guilty verdict on § 3802(b) DUI was permissible as a conviction of a "lesser-included offense." Under established Pennsylvania law, the Commonwealth argued that a defendant can be convicted of a crime that was not actually charged when the uncharged offense is a lesser-included offense of the charged crime, as the defendant would have been put on notice of the charges against him and could adequately prepare a defense. **See Sims**, **supra** at 938.

In **Houck**, this Court determined that the DUI offense of which the appellant was convicted was a lesser-included offense of the crime charged, and that amendment of the criminal information was not required because the appellant had fair notice and an opportunity to present an adequate defense. We recently reaffirmed our reasoning in **Houck** in **Commonwealth v. Bickerstaff**, 204 A.3d 988, 995 (Pa.Super. 2019) (holding Pa.R.Crim.P. 560 governing content of a criminal information only requires "a plain and concise statement of the essential elements of the offense substantially the same as

or cognate to the offense alleged in the complaint" and reaffirming that a defendant can be convicted of an uncharged lesser-included offense if he had "fair notice and an opportunity to present an adequate defense").

After the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime), and *Alleyne v. United States*, 570 U.S. 99 (2013) ("If a fact was by law essential to the penalty, it was an element of the offense."), we find the distinction between elements of the offense, and facts essential to the range of penalties to which a defendant is exposed, to be of little consequence. Treating grading factors as elements of the crime, as Appellant urges us to do, we utilize the three approaches approved in *Sims*, *supra*, for determining whether the summary offense of criminal mischief is a lesser-included offense of the charged second-degree misdemeanor criminal mischief.

Appellant committed the conduct constituting either offense: he intentionally damaged the door belonging to another. If we use the statutory elements approach to lesser-included offenses, it is not possible to commit the second-degree misdemeanor criminal mischief without also committing the summary offense. Under the cognates-pleading approach, the elements of the misdemeanor include the elements of the summary offense. Finally, the evidentiary approach examines the actual evidence at trial to assess the relationship between the greater and lesser charges. As we reasoned in

*Houck*, "[t]he lesser offense may have elements that are distinct from the greater offense and still be considered a lesser-included offense, as long as the evidence presented at trial to prove the greater offense actually establishes the elements of the lesser offense." *Houck*, *supra* at 450 (quoting *Sims*, *supra* at 938). Evidence of intentional damage to the property of another resulting in a pecuniary loss exceeding $1,000, which was the proof necessary to establish criminal mischief graded as a second-degree misdemeanor, would also establish the lesser-included offenses of third-degree misdemeanor criminal mischief (a pecuniary loss in excess of $500) and the summary offense of criminal mischief.

Hence, the trial court did not err in denying judgment of acquittal. The jury was properly permitted to consider the lesser-included offenses of criminal mischief graded as third-degree misdemeanor and summary offenses, without formal amendment of the criminal information. The trial court instructed the jury on the elements of the pertinent section of the criminal mischief statute charged in the information: "intentional conduct causing damage to property of another." 18 Pa.C.S. § 3304(5). After the jury concluded Appellant was guilty of the conduct constituting the offense, it determined that the pecuniary loss was $500 or less. Based on the jury's factual findings, the court properly graded the offense as a summary offense. Since the evidence was sufficient to sustain the conviction of that lesser-included offense, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020